AUDWIN F. LEVASSEUR, ESQ.
HARBATKIN & LEVASSEUR, P.A.
616 E. PALISADE AVENUE
SUITE 102
ENGLEWOOD CLIFFS, 07632
(201) 608-5192
Attorneys for Plaintiff

| | |
|---|---|
| MALCOLM WILEY<br><br>    Plaintiff,<br><br> v.<br><br>NEWARK POLICE DEPARTMENT<br>CITY OF NEWARK<br>ESSEX COUNTY<br>ESSEX COUNTY SHERIFF OFFICE<br>NEWARK POLICE DEPARMENT<br>OFFICERS JOHN DOES 1-50<br><br><br>    Defendant. | UNITED SATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>COMPLAINT and JURY DEMAND<br><br>CASE NO. |

## COMPLAINT

Plaintiff, MALCOLM WILEY, by and through his attorneys, the Law Offices of Harbatkin & Levasseur, P.A. hereby complains against Defendants and requests trial by jury as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1343, to redress violations of civil rights guaranteed by the Constitution of the United States, for which redress is available under 42 U.S.C. §§ 1983 & 1988, and the Fourth and Fourteenth Amendment to the United States Constitution.

2. The Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331 and § 1343 in that this is an action to redress violations of Plaintiff's federally protected Constitutional rights.  Jurisdiction over the state law claims is founded upon the

supplemental jurisdiction of this Court, 28 U.S.C. § 1367.

3. Plaintiff, Malcolm Wiley, is and was a legal resident in the United States, and a resident of the City of Newark, New Jersey.

4. Essex County was at all times mentioned herein, and is, a County government organized and chartered under the laws of New Jersey. At all times mentioned herein, the remaining Defendants acted as employees of ESSEX COUNTY and acted within their scope of their employment.

5. Defendant the Newark Police Department is a police force headquartered at 480 Clinton Avenue Newark, NJ 07102.

6. Defendant Essex County Sheriff is headquartered at 50 W. Market St. Newark NJ 07102.

7. Defendant Individual Police Officers "JOHN DOES 1-50, whose names are presently unknown to Plaintiff, participated in the injury imposed upon Plaintiff.

8. The acts and practices constituting the violations alleged below have all occurred within the State of New Jersey, which is properly within the jurisdiction of the United States District in and for the District of New Jersey.

9. Venue in the District of New Jersey, Newark Division, is proper because the incident which is the subject of this lawsuit occurred in the State of New Jersey and Defendants are located in this venue. See 28 U.S.C. § 1391(b)(1) and § 1391(b)(2).

10. Plaintiff has complied with all conditions precedent to the filing of this lawsuit pursuant to Title 59, New Jersey Statutes; all applicable notices have been provided to Defendants.

11. Plaintiff has retained The Law Offices of Harbatkin & Levasseur P.A. to represent his interests in prosecuting this action and said law firm is entitled to their reasonable attorneys' fees an costs incurred in connection therewith.

## FACTUAL ALLEGATIONS

11. At all times material hereto, the subject incident arises out of the brutal battery and assault of Plaintiff resulting in serious personal injuries to said Plaintiff which occurred in or about 207 N. 9th Street Newark NJ.

12. Specifically on May 6, 2014, Plaintiff was struck and ran over by a John Does Defendants after allegedly failing to yield to officers conducting an investigatory stop. Defendant Officers who were employed and working under color of law for the Newark Police Department. The Defendant Officers were operating a marked Newark Police Department Police car at the time they struck and ran over Plaintiff.

13. As a result of Defendant Police Officers' actions, Plaintiff suffered a broken leg, and injuries to his hip, thighs and head.

14. On the same day Plaintiff was treated at the University of Medicine and Dentistry of New Jersey (UMDNJ) in Newark NJ.

15. Plaintiff's injuries are permanent and remain ongoing as Plaintiff continues to suffer from plain in his leg, permanently inability to walk normally, pain in his side, headaches, fear, depression, extraordinary fear and psychological pain and other emotional distress.

16. As evidence of the extent of the excessive illegal use of physical force, the Plaintiff's medical reports reveal the Plaintiff's serious physical injuries.

17. The acts of Defendants deprived Plaintiff of right to life, guaranteed by the Fourteenth Amendment due process clause, for which redress is available pursuant to 42 U.S.C. § 1983.

18. Plaintiff is also entitled to punitive damages on all of his claims against the individual Defendants personally to redress their willfull, malicious, wanton, reckless and conduct.

**FIRST CAUSE OF ACTION**

19. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

20. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

21. Plaintiff, Malcolm Wiley is a citizen of the United States and all of the individual police officer Defendants named above, or identified as "John Does 1-50" to this claim are persons for purposes of 42 U.S.C. § 1983. All individual Defendants, at all times relevant hereto, were acting under the color of state law in their capacity as police officers and their acts or omissions were conducted within the scope of their official duties or employment.

22. At the time of the complained of events, the deceased had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unlawful search and unreasonable search and seizure through excessive force.

23. Plaintiff possessed clearly established Constitutional rights under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

24. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

25. Defendants' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

26. Defendants' actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected

4

rights. The force used by these Defendant officers shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff. The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

27. None of the Defendant officers took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of other Defendant officers or from the excessive force of later responding officers despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

28. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

29. Defendants did so with shocking and willful indifference to Plaintiff rights and their conscious awareness that they would cause Plaintiff's death. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

30. These individual Defendants acted in concert and joint action with each other.

31. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff's of his constitutional rights and caused him his life.

32. These individual Defendants are not entitled to qualified immunity for the complained of conduct.

33. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff's constitutionally and federally protected rights.

34. As a proximate result of Defendants' unlawful conduct, Plaintiff's suffered extraordinary pain and injury as described herein entitling Plaintiff to compensatory and special damages, in amounts to be determined at trial.

35. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

36. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983 – Racial Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment and**
**42 U.S.C. § 1981**
(Against ALL Defendants)

37. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

38. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

39. Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

40. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as police officers and their acts or omissions were conducted within the scope of their official duties or employment.

41. At the time of the complained of events, Plaintiff's decedent had the clearly established constitutional right to be free from racial discrimination in law enforcement by police officers and to enjoy the equal protection of the laws.

42. Title 42 U.S.C. § 1981("Section 1981") provides, in pertinent part:

> (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

43. Plaintiff's, as an African American is a member of a protected class, and thus also had the clearly established statutory right under this provision of 42 U.S.C. § 1981 to be free from racially motivated beatings, arrests, searches, and the filing of false charges.

44. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

45. Plaintiff's race was a motivating factor in the Defendants' decisions to use excessive force upon Plaintiff. Defendants' conduct was undertaken with the purpose of depriving Plaintiff's decedent of the equal protection and benefits of the law, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and § 1981.

46. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected rights.

47. The acts or omissions of all individual Defendants were moving forces behind Plaintiff decedent's injuries and loss of life.

48. These individual Defendants acted in concert and joint action with each other.

49. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff's decedent of his constitutional and statutory rights and caused him other damages.

50. Defendants are not entitled to qualified immunity for the complained of conduct.

51. The Defendants to this claim at all times relevant hereto were acting pursuant to

7

municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

52. As a proximate result of Defendants' unlawful conduct, Plaintiff's decedent suffered loss of life. Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial.

53. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

54. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

**THIRD CAUSE OF ACTION**
**Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981**
(NEWARK POLICE DEPARTMENT, ESSEX COUNTY SHERIFF DEPARTMENT, ESSEX COUNTY)

55. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set

56. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

8

57. Plaintiff and Plaintiff's decedent was a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

58. The Defendants to this claim at all times relevant hereto were acting under the color of state law of conduct:

> Plaintiff had the following clearly established rights at the time of the complained the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment; the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment; the right to exercise his constitutional rights of free speech under the First Amendment without retaliation; the right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981; and, the right to be free from malicious prosecution under the Fourth and Fourteenth Amendments.

59. Defendants to this claim knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

60. The acts or omissions of these Defendants, as described herein, deprived Plaintiff's decedent of his constitutional and statutory rights and caused him other damages.

61. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff's decedent of his constitutional and statutory rights and caused him other damages.

62. Defendants are not entitled to qualified immunity for the complained of conduct.

63. Defendants to this claim were, at all times relevant, policymakers for Newark Police Department, Essex County Sheriff's office, and in that capacity established policies, procedures, customs, and/or practices for the same.

64. These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

65. Defendants to this claim have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers, to require them to fill out truthfully and completely reports, to refrain from excessive force, and to not obey blindly the orders of a superior officer, even when these orders are contrary rights of the accused, amounting to deliberate indifference to the constitutional rights of Plaintiff's decedent and of the public.

66. In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

67. The deliberately indifferent training and supervision provided by Defendants to this Claim resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to all Defendants herein and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

68. As a direct result of Defendants' unlawful conduct, Plaintiff suffered excruciating pain, suffering and severe physical injuries. Likewise, Plaintiff has suffered actual emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

69. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

70. Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to redress Defendants' above described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein, and with respect to the ongoing policy and/or practice of the Internal Affairs Bureau of failing to investigate or appropriately handle complaints of the same, which Defendants have no intention for voluntarily correcting despite obvious need and requests for such correction.

**FOURTH CAUSE OF ACTION**
**(AGAINST ALL DEFENDANTS)**

71. Plaintiff reiterates and re-alleges the facts stated in the preceding paragraphs as if stated fully herein.

72. Defendants engaged in a conspiracy to violate Plaintiff's civil rights in violation of 42 U.S.C. §§ 1983 and 1985, denying him equal protection of the law. Defendants did so by unlawfully conspiring to cover up the use of excessive force against Plaintiff.

85. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City of Newark and Newark Police Department, and Defendant officers committed the unlawful acts referred to above. Thus, Defendants are for Plaintiff's injuries.

**FIFTH CAUSE OF ACTION**
**(AGAINST ALL DEFENDANTS)**

86. Plaintiff reiterates and re-alleges the facts stated in the preceding paragraphs as if stated fully herein.

87. Defendants failed to intervene to prevent their fellow officers from violating the civil rights of the Plaintiff, both during assault itself and in failing to make proper reports to law enforcement authorities regarding the incident.

88. Defendant officers observing of the incident in question in all material times or had reason to know that excessive force was being used and that other constitutional violations were being committed by a law enforcement official.

89. Defendant officers had a realistic opportunity to intervene to prevent the harm from occurring, and they failed to act.

## SIXTH CAUSE OF ACTION
### (AGAINT ALL DEFENDANTS)
#### NEW JERSEY STATE CIVIL RGHTS ACTION/STATE CONSTITUTIONAL CLAIM

90. PLAINTIFF, Malcolm Wiley, re-alleges and re-avers each and every allegation set forth in Paragraphs 1 through 89 as if set forth fully herein, and further states as follows:

91. The illegal, unconstitutional and discriminatory acts of the Defendants constituted acts of a de facto policy to discriminate, use of unlawful force, falsely arrest and detain and illegally search and sexually assault Plaintiff.  The actions the of the Defendants aforesaid also represent a de facto policy to deny Plaintiff her right to travel, equal protection and privacy. All of these violations contravene Plaintiff's constitutional rights under the New Jersey State Constitution including, but not limited to, Article I, Section 1; Article I, Section 5 – denial of rights; and Article I, Section 7 and the New Jersey Civil Rights Act (N.J.S.A. 10:6-2).

92. Each individual Defendant was acting at all times in further of his employer.

93. As a result of the aforesaid conduct, Plaintiff has been damaged, including violation of her civil rights and has suffered severe, physical and emotional pain and suffering.

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

1. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

2. Economic losses on all claims allowed by law;

3. Special damages in an amount to be determined at trial;

4. Punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

5. Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

6. Pre- and post-judgment interest at the lawful rate; and,

7. Any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

### PLAINTIFF REQUESTS A TRIAL BY JURY

Respectfully submitted this 4th day of May 2016.

                                                  Respectfully submitted,

Dated: May 4, 2016          By: /s/Audwin F. Levasseur, Esq.
                                      HARBATKIN & LEVASSEUR
                                      Attorneys for Plaintiff

**DESIGNATION OF COUNSEL**

TO:   ASSIGNMENT JUDGE

In accordance with <u>Rule</u> 4:25-4, you are hereby notified that Audwin F. Levasseur, Esq. is assigned to try this case.

**NOTICE OF NO OTHER ACTIONS**

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated.  Based upon the information currently available to me, I know of no other parties who should be joined in this action.

Dated: May 4, 2016                    By: /s/Audwin F. Levasseur_____
                                              HARBATKIN & LEVASSEUR
                                              Attorneys for Plaintiff