UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**WILLIE L. PARKER, CORPORATION COUNSEL**
**CITY OF NEWARK — DEPARTMENT OF LAW**
**920 Broad Street, Room 316**
**Newark, New Jersey 07102**
**Attorney for Defendant**
**City of Newark**

**By:  Syrion A. Jack, Esq.**
**      Assistant Corporation Counsel**
**      Telephone (973) 877-9439**
**      Facsimile (973) 353-8426**

| | |
|---|---|
| MALCOLM WILEY, | : |
| | : |
| Plaintiff, | : |
| | : **Civil Action No.** |
| | : **2:16-cv-02530-KM-MAH** |
| vs. | : |
| | : |
| NEWARK POLICE DEPARTMENT, | : *Electronically filed via CM/ECF* |
| CITY OF NEWARK, ESSEX | : |
| COUNTY, ESSEX COUNTY SHERIFF | : |
| OFFICE, NEWARK POLICE | : |
| DEPARTMENT OFFICERS JOHN | : **MOTION RETURN DATE:** |
| DOES 1-50 | : **AUGUST 15, 2016** |
| | : |
| Defendants. | : |
| | : |

**DEFENDANTS NEWARK POLICE DEPARTMENT AND CITY OF NEWARK'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT IN LIEU OF ANSWER PURUSANT TO FED.R.CIV.P. 12(b)(6)**

On the Brief:
Syrion A. Jack, Esq.

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES........................................... ii

PRELIMINARY STATEMENT........................................... 1

PROCEDURAL HISTORY AND STATEMENT OF FACTS...................... 2

LEGAL ARGUMENT................................................. 3

  **POINT I**

    **THE NEWARK POLICE DEPARTMENT IS NOT A PROPER PARTY TO THIS ACTION** ...................................................... 3

  **POINT II**

    **A THE COMPLAINT IS REPLETE WITH CONCLUSORY STATEMENTS AND FAILS TO STATE ANY COGNIZABLE CIVIL RIGHTS CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST THE CITY** ..................... 3

  **POINT III**

    **PLAINTIFF'S CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS AGAINST THE CITY** ......................... 5

    A.  The First Cause Of Action Fails Because It Does Not Allege Sufficient Facts To State A Cause Of Action Under 42 U.S.C. § 1983............................................... 5

    B.  The Second Cause of Action Similarly Fails To Allege Sufficient A Cause of Action Section 1983 or Section 1981. 6

    C.  The Third Cause of Action Fails To Adequately Identify Any Deficiency In the City's Training and Supervision to State A Claim Under Section 1983......................... 7

    D.  The Fourth Cause of Action Does Not Allege Facts Which Implicate The City In Any Conspiracy To Deprive Plaintiff of His Civil Rights........................................ 9

    E.  The Fifth Cause of Action States No Facts Relating to the City and is Directed Toward John Doe Officers Only... 10

    F.  The Sixth Cause of Action Asserting State Claims Lacks Factual Support and Fails For the Same Reason As His Federal Claims......................................... 11

CONCLUSION................................................... 12

## TABLE OF AUTHORITIES

**Cases**

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007) ...................................... 4, 7
Bonenberger v. Plymouth Twp.,
  132 F.3d 20 (3d Cir. 1997) ................................. 3
Capogrosso v. Supreme Court of N.J.,
  588 F.3d 180 (3d Cir. 2009) ................................ 9
Colburn v. Upper Darby Twp.,
  946 F.2d 1017 (3d Cir. 1991) ............................... 8
D.R. v. Middle Bucks Area Vocational Tech. Sch.,
  972 F.2d 1364 (3d Cir. 1992) ............................... 9
Ivan v. County of Middlesex,
  595 F. Supp. 2d 425 (D.N.J. 2009) .......................... 9
Jackson v. City of Erie Police Dep't,
  570 Fed. Appx. 112 (3d Cir. 2014) .......................... 3
K.J. v. Div. of Youth and Family Servs.,
  363 F. Supp. 2d 728 (D.N.J. 2005) ...................... 11, 12
Kingsmill v. Szewczak,
  117 F. Supp.3d 657 (E.D. Pa. 2015) ......................... 7
Lapella v. City of Atlantic City,
  2012 WL 2952411 (D.N.J. July 18, 2012) ..................... 8
McGovern v. City of Philadelphia,
  554 F.3d 114 (3d Cir. 2009) ............................. 7, 9
McTernan v. City of York,
  564 F.3d 636 (3d Cir. 2009) ................................ 5
Monell v. Dep't of Social Servs. of the City of N.Y.,
  436 U.S. 658 (1978) ........................................ 5
Morse v. Lower Merion Sch. Dist.,
  132 F.3d 902 (3d Cir. 1997) ................................ 4
Muller v. Bristol Twp.,
  2009 WL 3028949 (E.D. Pa. Sept. 17, 2009) ............... 5, 6
Papasan v. Allain,
  478 U.S. 265 (1986) ........................................ 4
Philips v. County of Allegheny,
  515 F.3d 224 (3d Cir. 2008) ................................ 5
Rezem Family Assocs., LP v. Borough of Millstone,
  423 N.J. Super. 103 (App. Div. 2011) ...................... 11
Scheuer v. Rhodes,
  416 U.S. 232 (1974) ........................................ 4
Shaw by Strain v. Stackhouse,
  920 F.2d 1135 (3d Cir. 1990) .............................. 10
Starzell v. City of Philadelphia,

   533 F.3d 183 (3d Cir. 2008) ................................. 9
Trafton v. City of Woodbury,
   799 F. Supp. 2d. 417 (D.N.J. 2011) ......................... 11

**<u>Statutes</u>**

42 U.S.C. 1981.......................................... 2, 7
42 U.S.C. 1983......................................... passim
42 U.S.C. § 1985.......................................... 9
<u>N.J.S.A.</u> 40A:14-118....................................... 3

**<u>Rules</u>**

Fed. R. Civ. P. 8(a)(2)................................... 5
Fed. R. Civ. P. 12(b).................................... 1,3,4

## **PRELIMINARY STATEMENT**

Plaintiff Malcolm Wiley brings the instant action alleging the violation of his civil rights arising from an incident in which unnamed officers purportedly struck Plaintiff with a vehicle when Plaintiff failed to yield for an investigatory stop. Although the Complaint names the City of Newark and its Police Department as Defendants, the Complaint fails to allege sufficient facts to state a claim against these public entities.

To assert a civil rights claim against the Defendants, Plaintiff was required to allege a specific custom and practice by Defendants which deprived him of his rights. The Complaint fails to do so. Instead, the Complaint merely parrots the elements of a cause of action under Section 1983. Such pleading is insufficient under the standards set forth in Twombly and does not place Defendants on notice of what conduct for which it should be held liable. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted and must be dismissed as a matter of law.

## **PROCEDURAL HISTORY AND STATEMENT OF FACTS**

For the purposes of this motion, the facts alleged in the Complaint are taken as true. On or about May 6, 2014, Plaintiff was struck by a vehicle operated by a John Doe Newark Police Officer after Plaintiff failed to yield for an investigatory stop. Complaint at ¶ 12. Plaintiff alleges that he has

1

suffered serious permanent injuries including pain in his leg, headaches and "psychological pain and other emotional distress." Id. at ¶ 15.

On May 4, 2016, Plaintiff filed his Complaint against the Newark Police Department, City of Newark, Essex County Sheriff's Office and Newark Police Department Officers John Does 1-50. The Complaint alleges six causes of action.  The First Cause of Action seeks a remedy through 42 U.S.C. § 1983 ("Section 1983") and avers that Defendants' alleged use of excessive force violated Plaintiff's rights under the Fourth and Fourteenth Amendment. The Second Cause of Action seeks a remedy through Section 1983 and 42 U.S.C. 1981 ("Section 1981").  Plaintiff claims that his race was a motivating factor in Defendants' alleged use of excessive force.  The Third Cause of Action alleges that Defendants had policies and customs of inadequate supervision and training of officers.  The Fourth Cause of Action alleges a conspiracy to violate Plaintiff's civil rights. The Fifth Cause of Action alleges that Defendants failed to intervene to prevent officers from violating Plaintiff's civil rights.  The Sixth Cause of Action asserts claims under the New Jersey Civil Rights Act and New Jersey Constitution.

## LEGAL ARGUMENT

### POINT I

**THE NEWARK POLICE DEPARTMENT IS NOT A PROPER PARTY TO THIS ACTION**

As an initial matter, the Newark Police Department is not a "person" subject to liability under Section 1983. A New Jersey police department is not an independent entity with the capacity to be sued, but only "an executive and enforcement function of municipal government." N.J.S.A. 40A:14-118. As such, the proper defendant is the City not its police department. See Jackson v. City of Erie Police Dep't, 570 Fed. Appx. 112, 114 (3d Cir. 2014); Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997) (noting that municipality and its police department are treated as a single entity for purposes of Section 1983 liability). Accordingly, the Newark Police Department must be dismissed from this action.[1]

### POINT II

**THE COMPLAINT IS REPLETE WITH CONCLUSORY STATEMENTS AND FAILS TO STATE ANY COGNIZABLE CIVIL RIGHTS CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST THE CITY**

Federal Rule of Civil Procedure 12(b) provides that a defense of failure to state a claim upon which relief can be granted shall be made by motion before pleading, if a further

---

[1] Given that the Newark Police Department and City of Newark are treated as a single entity under the law, Defendants hereinafter are singularly referred to as the "City."

3

pleading is permitted.  When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the allegations of the complaint should be construed favorably to the pleader.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A plaintiff must go beyond mere labels and conclusions in stating the grounds on which he is entitled to relief, a formulaic recitation of the elements of a cause of action will not do.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

Further, a court may dismiss a complaint if it appears that a plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Legal conclusions made in the guise of factual allegations, however, are given no presumption of truthfulness. See Papasan v. Allain, 478 U.S. 265, 286 (1986); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) ("[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss").

In the present matter, Plaintiff has failed to plead adequate facts to state a claim for relief against the City. The Complaint is impermissibly replete with legal conclusions which are couched as factual allegations.  Accordingly, a dismissal of Plaintiff's Complaint as alleged against Defendants is warranted.

4

<u>**POINT III**</u>

**PLAINTIFF'S CLAIMS FAIL TO STATE A CLAIM UPON WHICH
RELIEF CAN BE GRANTED AS AGAINST THE CITY**

**A. The First Cause Of Action Fails Because It Does Not
Allege Sufficient Facts To State A Cause Of Action Under
Section 1983**

The First Cause of Action fails to state a claim against the City under Section 1983 because there is no allegation specifying a custom or policy of the City which caused Plaintiff's alleged injury. <u>Monell v. Dep't of Social Servs. of the City of N.Y.</u>, 436 U.S. 658, 694 (1978) (requiring unconstitutional custom or policy before imposing municipal liability under Section 1983). When alleging a <u>Monell</u> claim, a plaintiff "must identify a custom or policy, and specify what exactly that custom or policy was." <u>McTernan v. City of York</u>, 564 F.3d 636, 658 (3d Cir. 2009) (citing <u>Philips v. County of Allegheny</u>, 515 F.3d 224, 232 (3d Cir. 2008)). Mere assertion of an entitlement to relief without some factual showing is insufficient under Fed. R. Civ. P. 8(a)(2). <u>Id</u>. Simply paraphrasing the elements of Section 1983 is insufficient. <u>Id.</u> at 659. Factual allegations must give notice not only "as to the alleged wrongdoing of the individual officers," but also "as to the alleged policy or custom of the municipality at issue." <u>Muller v. Bristol Twp.</u>, 2009 WL 3028949 at * 4 (E.D. Pa. Sept. 17, 2009) (dismissing Section 1983 claim against municipality

5

for failure to allege policy or custom causing injury).[2]

Here, the Complaint solely alleges that:

> Defendants[3] to this claim at all times were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage or practice in their actions pertaining to Plaintiff's constitutionally and federally protected rights

Complaint at ¶ 33.  The Complaint fails to specify what custom or policy the City had which affected Plaintiff's constitutional rights.  The Complaint also fails to allege that a custom or policy of the City caused a violation of Plaintiff's civil rights.  Given the foregoing, The First Cause of Action must be dismissed against the City as a matter of law.

## B. The Second Cause of Action Similarly Fails To Allege Sufficient A Cause of Action Section 1983 or Section 1981

The Second Cause of Action fails to allege a <u>Monell</u> claim against the City for the same reasons set forth above.  Here, Plaintiff's sole claim against the City is the virtually the same inadequate allegation set forth in the First Cause of Action:

---

[2] The unpublished opinion of the United States District Court for the Eastern District of Pennsylvania in <u>Muller v. Bristol Twp.</u>, 2009 WL 3028949 4 (E.D. Pa. Sept. 17, 2009) is attached to the Certification of Syrion Jack as Exhibit B.

[3] Throughout the Complaint, Plaintiff uses the term "Defendants" without identifying to which Defendant(s) the allegation is directed, complicating Defendants' response.  For the purposes of this motion solely, it is presumed that each cause of action is directed at the City.

> The Defendants to this claim at all times were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage or practice in their actions pertaining to Plaintiff.

No policy or custom of the City is identified in this cause of action. Accordingly, McTernan compels dismissal of this cause of action as alleged against the City.

Additionally, Section 1981 does not create a private right of action against a public entity. McGovern v. City of Philadelphia, 554 F.3d 114, 121-22 (3d Cir. 2009). Section 1983 is the exclusive remedy for violations of Section 1981 by state actors. Id. Accordingly, to the extent the Second Cause of Action purports to allege a Section 1981 claim against the City, the claim must be dismissed as a matter of law.

### C. The Third Cause of Action Fails To Adequately Identify Any Deficiency In the City's Training and Supervision to State A Claim Under Section 1983

Plaintiff's Third Cause of Action fails to sufficiently allege how the City was deficient in its training or supervision of its employees. An allegation that the municipality maintained a policy or custom of inadequate supervision or training without more is merely a legal conclusion couched as a factual allegation which the court is not bound to accept. Kingsmill v. Szewczak, 117 F. Supp.3d 657 (E.D. Pa. 2015) (citing Twombly, 550 U.S. at 555). When alleging that a municipality's training or supervision was insufficient, the

Plaintiff must identify the precise deficiency in training or supervision that has some nexus with his injury.  <u>Colburn v. Upper Darby Twp.</u>, 946 F.2d 1017, 1030 (3d Cir. 1991); <u>Malignaggi v. County of Gloucester</u>, 85 F. Supp.74, 77 (D.N.J. 1994); <u>Lapella v. City of Atlantic City</u>, 2012 WL 2952411 at *6 (D.N.J. July 18, 2012).[4]

Here, Plaintiff failed to allege adequately allege any shortcoming in the City's training programs or supervision of its officers.  <u>See Lapella</u>, <u>supra</u>, at * 8.  Plaintiff merely states that Defendants failed to properly train and/or supervise its officers:

> To require them to fill out truthfully and completely reports, to refrain from excessive force, and to not obey blindly the orders of a superior officer.

Complaint at ¶ 65.  In <u>Lapella</u>, the Plaintiff made a similar generalized allegation, stating that the City "failed to properly train and supervise its officers to abide by the law and to respect the rights of the people they encounter."  The Court held the allegation was inadequate to survive a motion to dismiss.  No different result is required in the instant matter.

---

[4] The unpublished opinion of the United States District Court for the District of New Jersey's in <u>Lapella v. City of Atlantic City</u>, 2012 WL 2952411 (D.N.J. July 18, 2012) is attached to the Certification of Syrion Jack as Exhibit C.

Finally, to the extent the Third Cause of Action purports to set forth a Section 1981 claim against the City, it must be dismissed as a matter of law.  McGovern, 554 F.3d at 121-22.

### D. The Fourth Cause of Action Does Not Allege Facts Which Implicate The City In Any Conspiracy To Deprive Plaintiff of His Civil Rights

The Fourth Cause of Action fails to adequately allege a conspiracy under Section 1983.  To state a claim, plaintiff must allege facts to support the existence of an agreement and concerted action.  Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 185 (3d Cir. 2009).  Factual allegations supporting a conspiracy claim may not be generalized or conclusory.  Ivan v. County of Middlesex, 595 F. Supp. 2d 425, 484 (D.N.J. 2009) (citing D.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992)).  The Third Circuit applies a heightened pleading standard to Section 1983 conspiracy claims. Id. (citing Starzell v. City of Philadelphia, 533 F.3d 183, 205 (3d Cir. 2008).  In Ivan, 484 Plaintiff's conspiracy claims under Section 1983 and 42 U.S.C. § 1985 were dismissed where Plaintiff failed to set forth specific factual allegations identifying the conspirators or actions taken by the conspirators to accomplish their goal.

Here, the only substantive allegation regarding a conspiracy vaguely asserts that:

9

> Defendants engaged in a conspiracy to violate Plaintiff's civil rights in violation of 42 U.S.C. §§ 1983 and 1985, denying him equal protection of the law. Defendants did so by unlawfully conspiring to cover up the use of excessive force against Plaintiff.

Complaint at ¶ 72. The Complaint fails to identify which Defendants participated in the purported conspiracy. The Complaint fails to identify any acts performed by the City to "cover up the use of excessive force" in furtherance of the alleged conspiracy. There is no allegation of a meeting of the minds between the City and any other person or entity. Given these deficiencies, the Fourth Cause of Action must be dismissed as alleged against the City.

### E. The Fifth Cause of Action States No Facts Relating to the City and is Directed Toward John Doe Officers Only

The Fifth Cause of Action does allege a failure to intervene claim against the City because it does not allege any conduct by the City; substantively, the Complaint only alleges conduct by "Defendant officers." See Complaint at ¶¶ 88-89 (alleging that officers observing the incident knew that excessive force was being used and that such officers had an opportunity to intervene and prevent the harm). The Complaint's allegations concerning the conduct of "officers" are insufficient to impose liability upon the City because there is no vicarious liability under Section 1983. See Shaw by Strain

v. Stackhouse, 920 F.2d 1135, 1147 (3d Cir. 1990). Accordingly, the City must be dismissed from the Fifth Cause of Action.

**F. The Sixth Cause of Action Asserting State Claims Lacks Factual Support and Fails For the Same Reason As His Federal Claims**

The Sixth Cause of Action is brought pursuant to the NJCRA and New Jersey Constitution. These claims have the same analysis as a Section 1983 claim. Accordingly, to the extent Plaintiff's Section 1983 fails, his state law claims must fail as well.[5] This is because Courts have consistently held that the elements of a claim under the NJCRA are the same as the elements under 42 U.S.C. §1983. Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 115 (App. Div. 2011); see also Trafton v. City of Woodbury, 799 F. Supp. 2d. 417, 443 (D.N.J. 2011). The New Jersey statute was modeled after 42 U.S.C. §1983. See K.J. v. Div. of Youth and Family Servs., 363 F. Supp. 2d 728, 746 (D.N.J. 2005). Accordingly, the analysis is identical for claims brought under Section 1983 and the NJCRA.

Further, the Complaint purports that Defendants acts constituted a policy of "false arrest and illegally detain and illegally search and sexually assault plaintiff." Complaint at ¶ 91. Plaintiff further claims that Defendants actions

---

[5]   To the extent this cause of action claims the City is responsible for its police officer's use of "unlawful force" (as claimed in Paragraph 91), such a claim must fail for the reasons set forth in Point II.A above.

represent a policy to deny Plaintiff "her right to travel, equal protection and privacy." Id. The Complaint is devoid of any factual allegation to support these claims. There is no allegation that Plaintiff: (1) was subject to an arrest or why such arrest was not justified; (2) was subject to a search; or (3) was subject to a sexual assault. Plaintiff's allegation that right to travel and privacy was denied by a "de facto policy" of the City is merely conclusory. Accordingly, the Sixth Cause of Action must be dismissed as alleged against the City.

## CONCLUSION

For all of the foregoing reasons, the City respectfully requests that this Court enter an Order granting Defendants' motion and dismissing Plaintiff's Complaint as to all claims against Defendants Newark Police Department and the City of Newark.

WILLIE L. PARKER
CORPORATION COUNSEL
CITY OF NEWARK
Attorneys for Defendants,
Newark Police Department and City of
Newark


By:/s/  Syrion A Jack
        Syrion Jack

Dated:  July 22, 2016

12