AUDWIN F. LEVASSEUR, ESQ.
HARBATKIN & LEVASSEUR, P.A.
50 PARK PLACE.
SUITE 1400
NEWARK NJ, 07102
T. (973) 908-8529
F. (877)-595-1825
Attorneys for Plaintiff

UNITED SATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CASE NO: 16-CV-02530

MALCOLM WILEY

       Plaintiff,

v.

CITY OF NEWARK, NEW JERSEY;
CITY OF NEWARK NEW JERSEY
POLICE DEPARTMENT; CITY OF
NEWARK NEW JERSEY POLICE
OFFICERS JOHN DOES 1-50
(gender neutral person(s) whose true
identity is presently unknown to Plaintiff),
Individually and in Their Respective Official
Capacities Jointly and Severally Defendants

       Defendants.

AMENDED COMPLAINT FOR DAMAGES & JURY DEMAND

**COMPLAINT FOR DAMAGES**

Plaintiff, MALCOLM WILEY, by and through his attorneys, the Law Offices of Harbatkin & Levasseur, P.A. hereby complains against Defendants and requests trial by jury as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1343, to redress violations of civil rights guaranteed by the Constitution of the United States, for which redress is

1

available under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 & 1988, and the Fourth and Fourteenth Amendment to the United States Constitution and the State of New Jersey.

2. The Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331 and § 1343 in that this is an action to redress violations of Plaintiff's federally protected constitutional and civil rights. Jurisdiction over the state law claims is founded upon the supplemental jurisdiction of this Court, 28 U.S.C. § 1367. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

3. Venue in the District of New Jersey, Newark Division, is proper because the incident, which is the subject of this lawsuit, occurred in the State of New Jersey and Defendants, each of them, are administratively located and reside or employed within the District of New Jersey. See 28 U.S.C. § 1391(b)(1) and § 1391(c).

## JURY TRIAL DEMAND

4. Plaintiff demands a trial by jury on each and every one of the claims as pleaded herein.

## PARTIES

5. Plaintiff, Malcolm Wiley, is and was a legal resident in the United States, and a resident of the City of Newark, New Jersey, County of Essex.

6. ("NEWARK") is and was at all times a municipal entity created and authorized under the laws of the State of New Jersey. It is authorized by law to establish and maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Pursuant thereto Newark has established and maintains defendant CITY OF NEWARK, NEW JERSEY POLICE DEPARTMENT ("POLICE").

7. Defendant Newark assumes the risks incidental to the maintenance of defendant police and the employment of police officers.

2

8.  Defendants JOHN DOE No. 1 - 10 (collectively "Doe" or "Officers"), name being gender neutral and fictitious whose true identity is presently unknown to Plaintiff, at all times relevant herein are duly appointed and acting police officers, servants, employees and agents of the Newark Police Department, a municipal agency of Defendant Newark, and were employed by Newark, and involved in the conduct as hereinafter described.

9.  Defendant Newark was at all times relevant the public employer of Defendants JohnDoes.  Defendants Doe are and were at all times relevant duly appointed and acting police officers, servants, employees and agents of the Newark Police Department, a municipal agency of Defendant Newark.  At all times relevant herein, defendants Does were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the Newark Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant Newark, were acting for, and on behalf of, and with the power and authority vested in them by Newark and the Newark Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  They are sued and judgment sought individually and in their respective official capacity.

10. By the conduct, acts, and omissions complained of herein, Defendants Officers violated clearly established constitutional standards under the Fourth, and Fourteenth Amendments to the United States Constitution of which a reasonable police officer under the circumstances would have known.

NOTICE OF TORT CLAIM

11. Plaintiff timely filed a Notice of Tort Claim with Newark and the Police, setting forth the facts underlying Plaintiff's tort claim against defendants.

12. To date, Plaintiff has received no answer and any Defendant in response to the notice of tort claim has offered no compensation.

3

13. This action has been commenced within two years of the date of occurrence of the events giving rise to this Complaint.

## FACTUAL ALLEGATIONS

11. At all times material hereto, the subject incident arises out of the brutal battery and assault of Plaintiff resulting in serious personal injuries to said Plaintiff, which occurred in, or about 207 N. 9th Street Newark NJ.

12. Specifically on May 6, 2014, Plaintiff was struck and ran over by Defendants John Does 1-50 after allegedly failing to yield to officers conducting an investigatory stop. Defendant Officers who were employed and working under color of law for the City of Newark, particularly, the Newark Police Department. The Defendant Officers were operating a marked Newark Police Department Police car at the time they struck and ran over Plaintiff's physical body. The Defendant officers deliberately and intentionally intended to use their marked police motor vehicle as a weapon to strike Plaintiff.

13. Defendant Officers, without warning or justification or provocation from Plaintiff, thereupon falsely arrested Plaintiff and transported him to the nearest Precinct, Newark, New Jersey.

14. As a result of Defendant Officers' actions, Plaintiff suffered broken legs, and substantial and permanent injuries to his hip, back, right and left thighs and head.

15. Defendant officers were acting in concert when they targeted and attacked and assaulted Plaintiff.

16. At all times relevant to this complaint, defendant officers were engaged in a joint venture, assisting each other in performing the actions described herein and lending their physical presence and support and the authority of their offices to one another.

17. Upon information and belief, onlookers who witnessed the attack and assault specifically requested that the defendant officers at the scene call for medical attention for plaintiff. Those requests were ignored.

4

18.     Prior to the above arrest, Defendant Officers, while aware Plaintiff had suffered bodily injuries requiring medical examination and treatment, deliberately and intentionally delayed and did not immediately seek to obtain medical attention for Plaintiff. Ultimately Plaintiff was treated at the University of Medicine and Dentistry of New Jersey (UMDNJ) in Newark New Jersey.

19.     At no time during the course of the incident did Plaintiff pose a threat to the safety of Defendant officers or the public. Plaintiff was not engaging in any criminal activity.

20.     The conduct of the Defendant officers, in arresting Plaintiff and assaulting and using excessive force against him, was totally without probable cause, was excessive, and was done maliciously, falsely and in bad faith.

21.     As a result of the events alleged herein, and due directly to the actions taken by the individual defendant officers, plaintiff suffered and continues to suffer physical pain, emotional trauma, discomfort, humiliation, fear, anxiety and embarrassment, among other things.

22.     As a direct and proximate result of the said acts of the defendants, Plaintiff suffered the following injuries and damages: Violation of his Constitutional Rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

23.     Plaintiff suffered emotional trauma as a result of the aforesaid actions of the defendants, which has caused permanent mental and emotional suffering and has been forced to obtain medical treatment.

24.  Plaintiff was denied equal protection of the law.

25.     Plaintiff was unlawfully seized and deprived of his liberty.

26.     Plaintiff was unlawfully and falsely arrested and imprisoned and subjected to excessive and unnecessary force maliciously and deliberately applied by defendants.

27.     The actions of the defendants, and each of them, violated the following clearly established federal constitutional rights of the Plaintiff, including but not limited to: Freedom from the unreasonable search and seizure of his person; Freedom from a deprivation of his liberty

without due process and equal protection of the law; Freedom of the use of excessive and unreasonable force; Equal protection of the law; Not to be deprived of property without due process; and, Freedom from summary punishment.

28. The defendants, and each of them, individually and in concert with each other, acted with malice and/or with reckless disregard for whether Plaintiff's rights would be violated by their actions which they knew, or through the exercise of reasonable inquiry would have known, were unlawful and a violation of Plaintiff's federal and state rights, privileges, guarantees and protections.

29. Plaintiff at no time committed the offenses for which he was arrested and charged. Plaintiff is totally innocent of the charges for which he was illegally, impermissibly, and reprehensibly subjected to by the false, perjurious acts of the Defendants, and each of them.

30. Plaintiff was humiliated and embarrassed by the criminal proceedings, which were public, known to friends, family, and acquaintances, business associates, and neighbors.

31. The actions and conduct of the defendants, their respective agents, servants and employees herein complained of were deliberately undertaken in bad faith.

32. The acts and conduct complained of herein resulted in part from a *de facto* policy or custom of the defendant Newark and Police, implemented or condoned by Newark and the Police which permitted defendants officers, or some of them, to act unreasonably, improperly, capriciously, arbitrarily, and unlawfully under color of law, particularly by means of making false arrests, filing false charges, and committing perjury regarding said false charges.

33. Despite knowing of the existence of the policy or custom described in the preceding paragraph, supervisory and policy-making officers and officials of Newark and the Police failed to properly and initially scrutinize defendant officers, failed to discipline, suspend or dismiss those who are ultimately malefactors; failed and continues to fail to supervise and/or properly train the individual police officers who engage in the acts and conduct of the sort

complained of herein; failed to adopt appropriate procedures to deal with complaints of police misconduct, and failed to make reasonable investigation of such complaints.

34. As a result of the failure of Newark and the Police to properly train, supervise and discipline its police officers, including the defendants officers herein, Newark and the Police tacitly authorized, ratified, condoned, and has been deliberately indifferent to the acts and conduct complained of herein.

35. The preceding paragraphs are each re-alleged and repeated in each of the following paragraphs, as if fully set forth verbatim therein.

## FIRST CAUSE OF ACTION EXCESSIVE FORCE
## (DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U. S.C. § 1983)

36. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

37. The conduct and actions of Defendants Officers, acting in concert and under color of law, in authorizing, directing, committing and/or permitting the assault upon plaintiff, was excessive and unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's rights as guaranteed under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from an unreasonable seizure of his person and the right to be free from the use of excessive, unreasonable, and unjustified force.

38. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

39. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants

7

under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

### SECOND CAUSE OF ACTION: DENIAL OF MEDICAL CARE
### (DEPRIVATION OF RIGHTS UNDER THE FOURTEENTH AMENDMENT AND 42 U.S.C. § 1983)

40. Members of the Newark Police Department have an affirmative duty to seek medical attention for persons discovered as being injured or who are injured in the course of being apprehended/arrested by the police.

41. Defendants Officers were in the immediate vicinity of and participated in committing and/or observed the assault and the ramming of a police vehicle into Plaintiff and were aware that plaintiff was bleeding and experiencing extreme physical pain as a result of the aforenoted assault and use of excessive and unnecessary force, but took no action to provide, procure or request medical care for plaintiff, disregarding the obvious risk to Plaintiff's health.

42. The conduct and actions of Defendants Officers, acting under color of law, in failing to request or obtain medical attention for plaintiff, was unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for Plaintiff's serious medical needs, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's substantive due process rights as guaranteed under 42 U.S.C. §1983, and the Fourteenth Amendment to the United States Constitution.

43. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

### THIRD CAUSE OF ACTION: MUNICIPAL LIABILITY FOR CONSTITUTIONAL VIOLATIONS (MONELL CLAIM AGAINST THE CITY OF NEWARK – 42 U.S.C. § 1983)

44. Defendant Newark directly caused the constitutional violations suffered by Plaintiff,

8

and is liable for the damages suffered by Plaintiff as a result of the conduct of the Defendants officers. The conduct of the Defendants officers was a direct consequence of policies and practices of Defendant Newark.

45. At all times relevant to this complaint Defendant Newark, acting through the Police, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the individual defendants, and were a direct and proximate cause of the damages and injuries complained of herein.

46. At all times relevant to this complaint, Defendant Newark, acting through defendant police department, and through the individual defendants, had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of an arrestees rights, such as plaintiff.

47. Upon information and belief, Defendant Newark planned and implemented a policy, practice, custom and usage of illegally detaining persons and using excessive force against persons arrested for minor offenses.

48. Defendant Newark consciously disregarded the illegality and unconstitutionality of said detentions and excessive use of force.

49. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

50. Defendant City of Newark knew or should have known of the Defendants officers' custom and habit of using excessive force of arrestees, such as plaintiff.

51. It was the policy and/or custom of the defendant Newark to inadequately train, supervise and discipline its police officers, including the defendants officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. Newark did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

52. As a result of the above described policies and customs, police officers of Newark,

9

including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

53. The wrongful policies, practices, customs and/or usages complained of herein, demonstrated a deliberate indifference on the part of policymakers of Newark and the Police to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of Plaintiffs' rights alleged herein.

### (FOURTH CAUSE OF ACTION- § 1983 FOURTH AMENDMENT VIOLATION UNLAWFUL SEIZURE)

54. Plaintiff incorporates all other paragraphs of this Complaint for purposes of this claim.

55. The actions of Defendants as described herein, while acting under color of state and/or federal law, intentionally deprived Plaintiff of the securities, rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, including his right to freedom from unlawful seizure as guaranteed by the Fourth Amendment to the 5 Constitution of the United States of America and 42 U.S.C. §1983 in that Plaintiff was arrested without probable cause to believe he had committed any offense.

56. Defendant intentionally, knowingly, recklessly, and excessively subdued, restrained, detained and falsely arrested Plaintiff, without any reasonable justification or probable cause.

57. Defendants' conduct proximately caused significant injuries, damages, and losses to Plaintiff.

### FIFTH CAUSE OF ACTION: ASSAULT AND BATTERY COMMON LAW CLAIM

58. By the conduct and actions described above, Defendants Officers John Does 1-50 inflicted the torts of assault and battery upon Plaintiff. The acts and conduct of Defendants Officers were the direct and proximate cause of injury and damage to Plaintiff and violated

10

Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New Jersey.

59. The acts of Defendants Officers constituted an assault upon Plaintiff in that Defendant Officers intentionally attempted to injure Plaintiff or commit a battery upon plaintiff, and further that the acts of Defendant Officers represented a grievous affront to Plaintiff.

60. The acts of Defendants Officers constituted a battery upon Plaintiff in that the above-described bodily contact was intentional, unauthorized, and grossly offensive in nature.

61. The actions of Defendants Officers were intentional, reckless, and unwarranted, and without any just cause or provocation, and Defendants Officers knew, or should have known, that their actions were without the consent of Plaintiff.

62. The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct described, and Plaintiff did not contribute thereto.

63. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

### SIXTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS COMMON LAW CLAIM

64. The conduct and acts of Defendant Officers, as described above, was without provocation or justification, was extreme, outrageous, and utterly intolerable in a civilized community; conduct which exceeded all reasonable bounds of decency.

65. The conduct and acts of Defendant Officers, described above, were intended to and did cause severe emotional distress to Plaintiff.

66. The conduct of Defendant Officers were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New Jersey.

67. As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to

11

serious physical and emotional pain and suffering, and was otherwise damaged and injured.

## SEVENTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS COMMON LAW CLAIM

68. The conduct of Defendant Officers, in assaulting and battering Plaintiff, was careless and negligent as to the emotional health of Plaintiff, and caused severe emotional distress to Plaintiff.

69. The acts and conduct of Defendant Officers were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New Jersey.

70. As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

## EIGHTH CAUSE OF ACTION: NEGLIGENCE COMMON LAW CLAIM

71. Defendant Officers, while acting as agents and employees for Defendant Newark and defendant Police, in their respective official capacity as a law enforcement officer for Newark, owed a duty to Plaintiff to perform their respective police duties without the use of excessive force. Defendant Officers use of force upon Plaintiff, when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendant Officers or to others constitutes negligence for which Defendant Officers are each individually liable.

72. Defendant Officers' use of excessive force upon Plaintiff constitutes negligence for which Defendants Officers are each individually liable.

73. As a proximate result of the negligent use of excessive force by Defendant Officers, Plaintiff sustained physical and emotional pain and suffering, and was otherwise damaged and injured.

### NINTH CAUSE OF ACTION: RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEWARK FOR STATE LAW VIOLATIONS COMMON LAW CLAIM

74. The Conduct of Defendant Officers alleged herein occurred while each was on duty and in uniform, in and during the course and scope of his duties and functions as a New Jersey City police officer, and while Defendants Officers were each acting as an agent, officer, servant and employee of Defendant Newark. As a result, Defendant City of Newark is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

### NINTH CAUSE OF ACTION: NEGLIGENT SUPERVISION, RETENTION AND TRAINING COMMON LAW CLAIM

75. Defendants Newark and Police negligently trained, retained, and supervised Defendants Officers. The acts and conduct of Defendant Officers were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New Jersey.

76. As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

### TENTH CAUSE OF ACTION: RACE DISCRIMINATION EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT

77. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

78. Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

79. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as police officers and their acts or omissions were conducted within the scope of their official duties or employment.

80. At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from racial discrimination in law enforcement by police officers and to enjoy the equal protection of the laws.

81. Plaintiff, as an African American is a member of a protected class, and thus also had the clearly established statutory right under this provision of 42 U.S.C. § 1981 to be free from racially motivated beatings, arrests, searches, and the filing of false charges.

82. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

83. Plaintiff's race was a motivating factor in the Defendants' decisions to use excessive force upon Plaintiff. Defendants' conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the law, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and § 1981.

84. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected rights.

85. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

86. Defendant Officers acted in concert and joint action with each other.

87. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him damages.

88. Defendants are not entitled to qualified immunity for the complained of conduct.

89. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

90. As a proximate result of Defendants' unlawful conduct, Plaintiff's decedent suffered loss of life. Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

1. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

2. Economic losses on all claims allowed by law;

3. Special damages in an amount to be determined at trial;

4. Punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

5. Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

6. Pre- and post-judgment interest at the lawful rate; and,

7. Any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

Respectfully submitted this 1st day of May 2017.

Respectfully submitted,

Dated: May 1, 2017          By: /s/Audwin F. Levasseur, Esq.
                            HARBATKIN & LEVASSEUR
                            Attorneys for Plaintiff

15

## DESIGNATION OF TRIAL COUNSEL; JURY DEMAND

Pursuant to R. 4:5-1(c), Audwin F. Levasseur, Esq. is designated as trial counsel for the plaintiff before a jury of six in the above matter.

## NOTICE OF NO OTHER ACTIONS

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated. Based upon the information currently available to me, I know of no other parties who should be joined in this action.


Dated: May 1, 2017                     By: /s/Audwin F. Levasseur
                                            HARBATKIN & LEVASSEUR
                                            Attorneys for Plaintiff