UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALCOLM WILEY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, NEW JERSEY;<br>CITY OF NEWARK NEW JERSEY POLICE<br>DEPARTMENT; CITY OF NEWARK NEW<br>JERSEY POLICE OFFICERS JOHN DOES<br>1-50, etc.,<br><br>Defendants. | Civ. No. 16-2530<br><br>MEMORANDUM & ORDER |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion (ECF no. 26) of the City of Newark and the Newark Police Department to dismiss the complaint for failure to state a claim. For the reasons stated herein, the motion will be denied.

**Introduction**

In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny,* 515 F.3d 224, 231 (3d Cir. 2008). Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to

1

raise a plaintiff's right to relief above a speculative level, stating a claim that is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

The First Amended Complaint (ECF no. 21, referred to herein as the "Complaint"), alleges as follows. On May 6, 2014, the plaintiff, Malcolm Wiley, was on foot at 207 North 9th Street in Newark, New Jersey. Newark police officers, whose identities are currently unknown to plaintiff, were in a marked police car. They sought to make an investigatory stop of Wiley. To apprehend him, the officers ran over Wiley with their police car, deliberately using the car as a weapon. The officers then falsely arrested Wiley, who had not been engaging in any criminal activity, and took him to the nearest precinct. Wiley suffered broken legs, as well as injuries to his hip, back, thighs, and head. The officers delayed getting Wiley needed medical attention, although eventually they took him to the University of Medicine and Dentistry of New Jersey (UMDNJ).

The Complaint asserts ten causes of action:

    Count 1:    Excessive force (42 U.S.C. § 1983)

    Count 2:    Denial of medical care (42 U.S.C. § 1983)

    Count 3:    *Monell* liability of City (42 U.S.C. § 1983)

    Count 4:    Unlawful seizure (42 U.S.C. § 1983)

    Count 5:    Assault and battery

    Count 6:    Intentional infliction of emotional distress

    Count 7:    Negligent infliction of emotional distress

    Count 8:    Negligence

    Count 9:    *Respondeat superior* liability of City

    Count 10[1]:    Negligent supervision, retention, and training

---

[1]     Mislabeled as a second Count 9.

**Discussion**

The analysis is hampered by a lack of specific information about the events of May 6, 2014. Those facts, however, are largely within the control of defendants, and the Complaint plausibly alleges reasons that the plaintiff might not have been in a position to observe and retain such basic facts as the identities of the officers involved.[2] I therefore err on the side of permitting these claims to go forward to discovery regarding the identities of the individuals putatively responsible, their relationships and roles in relation to the events, whether any alleged misconduct was negligent or intentional, and whether it can be attributed to the City. In short, many of these issues may simply have to await development of the facts in discovery and a motion for summary judgment.

**A. Newark Police Department**

The Newark Police Department will be dismissed as a defendant. A New Jersey municipal police department is not a separate entity from the municipality. N.J. Stat. Ann. § 40A:14–118 (municipal police department is "an executive and enforcement function of municipal government"). *See Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004);[3] *Mitchell v. City of Jersey City*, No. 15-CV-6907 (KM), 2016 WL 1381379, at *1 n.1 (D.N.J. Apr. 7, 2016); *Buffaloe v. City of Plainfield*, No. CIV.A. 12-03295 ES, 2013 WL 2182327, at *2 (D.N.J. May 20, 2013); *Adams v. City of Camden*, 461 F. Supp.

---

[2] Wiley alleges that the officers ran him down in a car, breaking his legs. According to the defendants' brief the officers have been identified in initial disclosures, but even if so, this information has not been pled.

[3] [Plaintiff]'s claim against the [Cherry Hill, NJ] Police Department is equally unsuccessful because the Police Department cannot be sued. "In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001). Because the Police Department is merely an arm of the Township, the summary judgment granted to the Police Department on the § 1983 claim was proper.

*Padilla*, 110 F. App'x at 278.

3

2d 263, 266 (D.N.J. 2006); *McGovern v. Jersey City*, No. 98-CV-5186, 2006 WL 42236, at *7 n.4 (D.N.J. Jan. 6, 2006).

Wiley's claims against the Police Department are therefore properly asserted only against the City of Newark. This is a technical correction only; the substance of the Complaint is not affected.

### B.     Excessive Force

While police officers are privileged to commit a battery pursuant to a lawful arrest, that privilege is negated by the use of excessive force. *See Groman v. Twp. Of Manalapan*, 47 F.3d 628, 633–34 (3d Cir. 1995) (*citing Edwards v. City of Phila.*, 860 F.2d 568, 572 (3d Cir. 1988)). The City argues that the officers' conduct was justified, and that they could legitimately give chase to apprehend a fleeing suspect. That of course is one view of the facts, but such factual disputes cannot be resolved on a motion to dismiss; I must assume the truth of the allegations of the Complaint, and determine whether they state a legal claim.

An excessive force claim may be present even where the police had probable cause. *Groman*, 47 F.3d at 634. And the City acknowledges that the officers could be liable for intentionally causing harm unnecessary to accomplish the legitimate object of arrest. *See County of Sacramento v. Lewis*, 523 U.S. 833, 854 (1998). That is alleged here; the Complaint states that the officers used the car as "a weapon" and ran Wiley down. The motion to dismiss the excessive force claim is denied.

### B.     Withholding medical care

The City acknowledges that a claim may lie for "deliberate indifference to [an arrestee's] serious medical needs." *Groman*, 47 F.3d at 637. The Complaint pleads facts from which such indifference, even if not pled in those precise words, could plausibly be inferred. It alleges, for example, that Wiley's legs were broken, but that the officers delayed getting him medical attention. Under the

4

state of facts alleged by the plaintiff, the need for medical attention would have been obvious. The motion to dismiss this count is therefore denied.

### C. *Monell* claim of municipal liability

Under familiar standards, a municipality may be held liable for a § 1983 violation based on a policy or practice, including inadequate training of officers. *See Monell v. Dep't of Social Services*, 436 U.S. 659, 688–89 (1978) *Bielevicz v. Dubinon*, 915 F.2d 845, 849-50 (3d Cir. 1990). Ordinarily, such a policy or practice must be alleged, at least generally. Here, however, the plaintiff needs discovery to ascertain the identities of the officers involved, to say nothing of their training. I will therefore deny the City's motion to dismiss on these grounds pending development of the facts in discovery.

### D. Unlawful seizure/false arrest

False arrest or illegal seizure under the Fourth Amendment requires a showing that the officers lacked probable cause. *Groman v. Twp. of Manalapan*, 47 F. 3d 628, 634 (3d Cir. 1995) (plaintiffs must demonstrate police lacked probable cause to prevail on false arrest claim); *Johnson v. Bingear*, 441 F. App'x 848, 852 (3d Cir. 2011). Probable cause for an arrest exists when "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe than an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin School Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). The question of probable cause in a Section 1983 action may often pose issues of fact. *Id.* (citing *Montgomery v. De Simone*, 159 F.3d 120, 124 (3d Cir. 1998); *Sharrar v. Felsing*, 128 F.3d 810, 818 (3d Cir. 1997)). On summary judgment, however, a district court may determine that there is probable cause as a matter of law, "if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding." *Id.* (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d. Cir. 1997)).

Defendants argue for dismissal of this claim, stating that the officers did possess probable cause. But the Complaint, fairly read, alleges that the plaintiff was doing nothing wrong; in his version, the officers chased him without justification. Such issues require fact discovery. The motion to dismiss this claim is denied.

### E. Qualified Immunity

The qualified immunity analysis has two prongs: "first determine whether the facts, and inferences drawn therefrom, taken in the light most favorable to the plaintiff, establish that the official's conduct violated a constitutional right." *McGreevy v. Stroup*, 413 F.3d 359, 364 (3d Cir. 2005) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Second, the court must then "determine whether, as a legal matter, the right that the defendant's conduct allegedly violates was a clearly established one, about which a reasonable person would have known." *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000).

Qualified immunity issues should be resolved at the earliest possible stage of litigation in order to prevent disruption of the legitimate functions of government. *Anderson v. Creighton*, 483 U.S. 635, 626 n.6, 107 S. Ct. 3034 (1987) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817, 102 S. Ct. 2727 (1982)). The Third Circuit has nevertheless cautioned that "it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009) (not precedential); *see also Schrob v. Catterson*, 967 F.2d 929, 938 (3d Cir. 1992) ("if the plaintiff's allegations are sufficient as a matter of law to avoid an immunity defense, but the defendant denies engaging in the alleged conduct, then discovery may be necessary before [question of qualified immunity] can be resolved") (internal quotations omitted).

At present, the plaintiff has not ascertained and alleged even the identities of the officers, let alone the particular conduct in which each one

6

engaged. Qualified immunity cannot be determined without more development of the record so that the reasonableness of the officers' actions can be assessed. The motion to dismiss on qualified immunity grounds is denied.

### F.     Qualified Immunity

The state-law tort claims, too, pose issues of fact that cannot be resolved on this motion to dismiss. For example, liability under the state tort claims act may depend on whether any wrongful conduct was willful. The motion to dismiss the state-law claims is therefore denied.

### ORDER

For the reasons stated above,

IT IS this 16th day of October, 2017

ORDERED that the defendants' motion (ECF no. 26) to dismiss the Amended Complaint is DENIED.

_____
KEVIN MCNULTY, U.S.D.J.