UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ESTATE OF MALCOLM WILEY,[1] | : | Civil Action No. 16-2530 (KM) (MAH) |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| CITY OF NEWARK et al., | : | OPINION |
|  | : |  |
| Defendants. | : |  |

I.     INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Leave to File a Fourth Amended Complaint. *See* Mot. Amend. Compl., July 12, 2021, D.E. 126.  Defendant, the City of Newark, opposes the motion. Def. Br., July 27, 2021, D.E. 129.  Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court decides this motion without oral argument.  For the reasons set forth below, the Court will deny Plaintiff's Motion to file a Fourth Amended Complaint.

II.     BACKGROUND

On May 4, 2016, Malcolm Wiley filed a ten-count Complaint against the Newark Police Department, the City of Newark, the Essex County Sheriff's Office, and Newark Police Officers John Does 1-50 ("Defendant Newark police officers").  *See generally* Compl., D.E. 1.[2]  Mr. Wiley alleged that on May 6, 2014, the Defendant Newark police officers struck him with a marked police

---

[1] The Court notes that this is the correct party name in accordance with this Court's May 21, 2019 Order, granting Plaintiff leave to file an amended pleading.
.
[2] Because the Court writes for the parties, the Court briefly summarizes the pertinent facts.  The Court also assumes as true the factual allegations in the complaint for the purpose of this motion. *See Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851-52 (3d Cir. 1992).

car while seeking to stop him for investigatory purposes. *See* Third Am. Compl., Oct. 21, 2019, D.E. 80, at ¶ 16. He claimed that the officers then falsely arrested him and brought him to the nearest precinct. *Id.*, at ¶ 17. He maintained that he suffered broken legs and permanent injuries to his hip, back, thighs, and head. *Id.*, at ¶ 18. Mr. Wiley further alleged that the officers delayed in getting him necessary medical attention. *Id.*, at ¶¶ 21-22.

On July 22, 2016, Defendants City of Newark and the Newark Police Department moved to dismiss Plaintiff's Complaint. Mot. To Dismiss, Jul. 22, 2016, D.E. 5. On January 5, 2017, while the motion to dismiss was pending, Plaintiff filed a motion for leave to amend the Complaint. Mot. to Am., Jan. 5, 2017, D.E. 12. Accordingly, on January 24, 2017, District Judge Kevin McNulty administratively terminated Defendants' motion to dismiss and granted Plaintiff's motion to file an amended Complaint. Memorandum and Order, Jan. 24, 2017, D.E. 13, at 2. On January 6, 2017, the Undersigned held an in-person scheduling conference and entered a Pretrial Scheduling Order on February 3, 2017. Separate and apart from Judge McNulty's Order, and as part of any routine scheduling order, the Court set a deadline to amend pleadings of May 12, 2017. Pretrial Scheduling Order, Feb. 3, 2017, D.E. 15.

The Court held an additional conference with the parties on April 27, 2017, because Plaintiff had not yet filed the Amended Complaint that Judge McNulty's January 24, 2017 Memorandum and Order required. Text Order, Apr. 27, 2017; Am. Sched. Ord., Apr. 27, 2021, D.E. 20. This Court directed Plaintiff to file that Amended Complaint on or before May 1, 2017. Am. Sched. Ord., Apr. 27, 2021, D.E 20. Plaintiff filed the Amended Complaint on May 1, 2017. Am. Compl., May 1, 2017, D.E. 21. On June 5, 2017, Defendants, the City of Newark and the Newark Police Department, moved to dismiss the Amended Complaint. Judge McNulty dismissed

the Newark Police Department, but otherwise denied the motion.[3]  Memorandum and Order, Oct. 16, 2017, D.E. 41.

In 2018, Mr. Wiley passed away.  His counsel therefore sought leave to amend the Complaint to substitute Ms. Kourtney Awadalla, Wiley's mother, as Plaintiff.  Mot. to Am., Feb. 15, 2019, D.E. 54.  Plaintiff was granted leave to substitute Ms. Awadalla on May 21, 2019.  Order, May 22, 2019, D.E. 63.  Plaintiff filed the Second Amended Complaint on July 18, 2019. Sec. Am. Compl. July 18, 2019, D.E. 67.  The City of Newark moved to dismiss the Second Amended Complaint because the version of the Second Amended Complaint Plaintiff filed did not conform to the proposed Second Amended Complaint that was filed with the motion to amend. Mot. to Dismiss, Sept. 11, 2019, D.E. 72.  Plaintiff opposed.  Plaintiff conceded that the Second Amended Complaint as filed exceeded the scope of the Undersigned's May 21, 2019 Order and offered to file a Third Amended Complaint that conformed with that Order. Memo. in Opp., Oct. 10, 2019, D.E. 77.  Defense counsel consented to the filing of the Third Amended Complaint without prejudice to the arguments made in its prior motion to dismiss, to the extent applicable. Letter, Oct. 18, 2019. D.E. 79.  Plaintiff filed the Third Amended Complaint on October 21, 2019.  Third Am. Compl., Oct. 21, 2019, D.E. 80.  The Court denied the motion to dismiss on April 13, 2020, finding that the arguments therein had been mooted by the filing of the Third Amended Complaint. Memorandum & Order, Apr. 13, 2020, D.E. 85.

Plaintiff filed the instant motion to amend on July 12, 2021.  Plaintiff seeks to file a Fourth Amended Complaint to add "as a named defendant Newark Police Officer Villmory Velasquez (who was the driver of the police car which struck and injured the plaintiff)."  Mot. to Amend.

---

[3] Judge McNulty concluded that the Newark Police Department is not a party amenable to suit but that the remainder of Plaintiff's Amended Complaint required fact discovery before adjudication.  Memorandum and Order, Oct. 16, 2017, D.E. 41.

Compl., July 12, 2021, D.E. 126, at ¶ 4.  Defendant objects that Plaintiff cannot establish good cause for amending beyond the deadline in the Court's Pretrial Scheduling Order.  Def. Br., Jul. 27, 2021, D.E. 129, at 5.  According to Defendant, Plaintiff did not act with the requisite diligence and unduly delayed in moving to amend to name the officer driving the car.  *Id.*, at 8-19.

### III.    ANALYSIS

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: 'The Court should freely give leave when justice so requires.'"  *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (quoting Fed. R. Civ. P. 15(a)(2)).  "This liberal amendment regime helps effectuate the 'general policy embodied in the Federal Rules favoring resolution of cases on their merits.'"  *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (quoting *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987)).

On the other hand, Rule 16(b)(3)(A) prescribes that the Court must issue a scheduling order that "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions."  The Rule prescribes that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The purpose of Rule 16 is to maximize the efficiency of the court system by insisting that attorneys and clients cooperate with the court and abandon practices which unreasonably interfere with the expeditious management of cases."  *Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990).  The requirement of a deadline to amend the pleadings "assures that at some point . . . the pleadings will be fixed."  Fed. R. Civ. P. 16, advisory committee's note (1983 Amendment).  "The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired."  *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990).

Courts within the Third Circuit have consistently held that "a party seeking to amend the pleadings after the deadline set by the Court must satisfy the requirements of Rule 16(b)(4)—i.e., they must show 'good cause.'" *Nasa Machine Tools Inc. v. FAMA Tech. Inc.*, No. 18-2872, 2019 WL 7207503, at *2 (D.N.J. Dec. 27, 2019) (quoting *Karlo v. Pittsburgh Glass Works, LLC*, No. 10-1283, 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011)). "Accordingly, '[h]eightened scrutiny of a motion to amend . . . is warranted when the motion comes after the period prescribed by Rule 16(b)(3)(A).'" *Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 220 (D.N.J. 2014) (alterations in original) (quoting *Stolinski v. Pennypacker*, No. 07–3174, 2011 WL 3608685, at *3 (D.N.J. Aug. 15, 2011)).

"If there is good cause to amend, the Court will then turn to Rule 15 to determine whether to permit [Plaintiff] to file its amended pleading as justice so requires." *Nasa Machine Tools Inc.*, 2019 WL 7207503, at *2 (citing *Home Semiconductor Corp. v. Samsung Electronics Co., Ltd.*, Civ. No. 13-2033, 2019 WL 2135858, at *2 (D. Del. 2019)). Conversely, "[i]f the moving party is unable to demonstrate 'good cause', the Court will deny the motion and will not proceed to a Rule 15 analysis." *Korrow*, 300 F.R.D. at 220 (quoting *Velto v. Reliance Standard Life Ins. Co.*, No. 10-1829, 2011 WL 810550, at *4 (D.N.J. Mar. 1, 2011)).

Good cause requires a showing that the delay "stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." *Fermin v. Toyota Material Handling, USA, Inc.*, No. 10-3722, 2012 WL 1393074, *3 (D.N.J. Apr. 23, 2012) (internal citations and quotations omitted). "Whether 'good cause' exists under Rule 16 hinges to a large extent on the diligence of the moving party." *Nasa Machine Tools Inc.*, 2019 WL 7207503, at *3 (citing *GlobespanVirata, Inc. v. Texas Instruments, Inc.*, No. 03–2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005)); *see also* Fed. R.

Civ. P. 16, advisory committee's note (1983 Amendment). Rule 16(b)(4) does not require a party to exercise an advanced or superior level of diligence, but rather requires only reasonable diligence. *Fermin,* 2012 WL 1393074, at *3 (stating the inquiry should center on whether "through the exercise of reasonable diligence [the moving party] should have possessed, the knowledge necessary to file the amended motion before the deadline had expired"). "The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed." *Kennedy v. City of Newark*, Civ. No. 10–1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011). "If a movant had the knowledge necessary to file a motion to amend prior to the expiration of the Court's deadline set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the Court may, in its discretion, deny the motion." *Nasa Machine Tools Inc.*, 2019 WL 7207503, at *3 (citing *Dimensional Commc'n, Inc. v. OZ Optics, Ltd.*, 148 Fed. App'x. 82, 85 (3d Cir. 2005)). In other words, "the moving party must show that, despite its diligence, the deadlines set forth in the scheduling order could not reasonably be met." *Korrow*, 300 F.R.D. at 220. "Moreover, the absence of prejudice to the non-moving party does not constitute 'good cause' under Rule 16." *Id.* (citing *GlobespanVirata,* 2005 WL 1638136, at *3). Put succinctly, "[a]bsent diligence, there is no 'good cause.'" *Chancellor v. Pottsgrove Sch.* Dist., 501 F.Supp.2d 695, 702 (E.D. Pa.2007); *see also* Fed. R. Civ. P. 16(b), advisory committee's note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

In determining whether "good cause" exists for an untimely motion to amend pleadings, courts typically examine whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the amended motion before the

deadline had expired. *See Stallings ex rel. Estate of Stallings v. IBM Corp.,* Civ. No. 08–3121, 2009 WL 2905471, at *2 (D.N.J. Sept. 8, 2009) (denying a plaintiffs' motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline"); *see also Kennedy v. City of Newark,* Civ. No. 10–1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011) ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed."). If a movant did have the knowledge necessary to file a motion prior to the expiration of the Court's deadline, and if the movant can provide no satisfactory explanation for the delay, the Court has the discretion to deny the motion. *See Dimensional Commc'n, Inc.,* 148 F. App'x at 85 (upholding trial court's finding that movant could not satisfy "good cause" because it was in possession of the facts underlying its proposed counterclaim well before amendment deadline); *Harrison,* 133 F.R.D. at 469 (movant failed to satisfactorily explain delay in filing the motion to amend).

The deadline to amend the pleadings was May 12, 2017. *See* Pretrial Scheduling Order, Feb. 3, 2017, D.E. 15. The Court has not extended this deadline. Additionally, Plaintiff did not seek to extend the deadline until the first attempt, on May 27, 2021, to add Officer Officer Velasquez.[4] That is more than four years after the deadline to amend had passed. Therefore, whether Plaintiff may now amend the Complaint to name a new Defendant notwithstanding the delay turns on Plaintiff's ability to demonstrate "good cause" under Rule 16, and specifically Plaintiff acted with diligence despite the lengthy delay.

Plaintiff relies on three arguments to explain the delay in naming Officer Velasquez as a Defendant. First, Plaintiff blames the delay on the inattentiveness of prior Plaintiff's counsel. That

---

[4] The Undersigned terminated that motion on June 14, 2021 because Plaintiff failed to file either the proposed amended pleading or a red-lined version of that proposed pleading. Order, June 14, 2021, D.E. 123. The instant motion ensued.

7

attorney oversaw the case from May 2016 to October 2019. Mot. to Amend. Compl., July 12, 2021, D.E. 126 at ¶¶ 9- 11. To demonstrate counsel's inattention to the case, Plaintiff, *inter alia*, points to the fact that the Court issued three Orders to Show Cause because certain scheduling deadlines had not been met. *Id.* at ¶ 9.

Second, Plaintiff argues that upon filing the Third Amended Complaint, the COVID-19 pandemic caused his office to close in late January 2020. *Id.* at ¶ 12. Plaintiff's counsel "essentially closed [his] Office in late January, 2020 due to the COVID-19 pandemic and did not return to full operation until approximately October 1, 2020." *Id.* When Plaintiff's counsel reopened his office, he "spent many long days and nights playing catch-up to bring my extant cases up to speed." *Id.*

Third, Plaintiff was under the impression that the case was "well on its way to be informally settled" until the City of Newark rejected the settlement offer on January 20, 2021. *Id.* at ¶ 15. Plaintiff contends that thereafter counsel retained a use of force expert who, on February 15, 2021, filed a report identifying Officer Velasquez for the first time. *Id.* at ¶ 16.

Plaintiff's arguments do not establish good cause under Rule 16. Although Plaintiff claims she was unaware of the identity of the police officer driving the car until the February 15, 2021 expert report, the record establishes otherwise. On January 26, 2017, approximately eight months after Mr. Wiley commenced this action, Defendant City of Newark identified Officer Velasquez in its Rule 26 disclosures as one of the officers involved in Mr. Wiley's arrest and incident. Def. Br., July 27, 2021, D.E. 129, at 7 (citing Defendant's Rule 26 Disclosures, attached to the City's Second Motion to Dismiss, Apr. 13, 2017, D.E. 18-3). Specifically, the City's Rule 26 Disclosures stated--in the section calling for "Witnesses and Potential Subjects and Information"--that "Officer Velasquez was involved in the pursuit of the Plaintiff and his arrest. Moreover, she was involved

[in] the Internal Affairs Investigation." Defendant's Rule 26 Disclosures, attached to the City's Second Motion to Dismiss, Apr. 13, 2017, D.E. 18-3, at 6.[5] The inclusion of Officer Velasquez in the City of Newark's Rule 26 disclosures should have placed Plaintiff on notice in January 2017 that Officer Velasquez was involved in both the pursuit and arrest of Plaintiff. Using that information, Plaintiff could have adduced further information in discovery concerning the extent of Officer Velasquez's involvement and timely sought to add him as a defendant. In short, Plaintiff has had ample time and opportunity to explore in discovery the extent and nature of Officer Velasquez's involvement in Plaintiff's arrest, and multiple opportunities to amend well before the instant motion.

Plaintiff's current counsel places much of the blame on prior counsel. However, Mr. Ashley entered an appearance in this matter on August 25, 2017, more than four years ago, and within seven months of Defendant having made its Rule 26 disclosures. *See* Notice of Appearance, Aug. 25, 2017, D.E. 36. Thus, Officer Velasquez's identity was available to Mr. Ashley since at least that time. Mr. Ashley was an active litigator in this matter long before the May 2021 request to amend. Indeed, the record reflects that Mr. Ashley filed the Second Amended Complaint, filed opposition to Defendant's motion to dismiss the Second Amended Complaint, and filed the Third Amended Complaint. *See, e.g.,* Second Amended Complaint, July 18, 2019, D.E. 67; Third Amended Complaint, Oct. 21, 2019, D.E. 80. Thus, Plaintiff's current counsel had sufficient opportunity to review the file and act diligently to move to amend to name Officer Velasquez well before 2021.

---

[5] *See also* Memorandum Opinion & Order, Oct. 16, 2017, D.E. 41, at 3 n.2 (noting that "[a]ccording to the defendants' brief the officers have been identified in initial disclosures.").

Plaintiff's counsel contends that he could not have moved to amend sooner because "upon filing the Third Amended Complaint I essentially closed my Office in late January, 2020 due to the COVID-19 pandemic." Mot. to Amend. Compl., July 12, 2021, D.E. 126 at ¶ 12. The Court understands Plaintiff's counsel's struggles with regard to the COVID-19 pandemic. However, the foregoing recitation of the record establishes that Plaintiff had the knowledge and opportunity to discovery any facts necessary to add Officer Velasquez, and to move to amend to add Officer Velasquez, well before the onset of the COVID-19 pandemic. Plaintiff has known about Officer Velasquez's involvement in the incident involving Mr. Wiley since January 2017, more than three years before the pandemic began. Further, it is clear from the docket that Plaintiff filed the Third Amended Complaint on October 21, 2019, three months before Mr. Ashley closed his office. Thus, the Court draws the reasonable inference that Plaintiff had in her possession the basic facts necessary to name Officer Velasquez as a Defendant, or at least promptly and carefully consider, whether to name Officer Velasquez before the deadline to amend passed.[6]

Finally, the Court rejects Plaintiff's contention that the late amendment would not prejudice Defendant. First, it is well settled that "the absence of prejudice to the non-moving party does not constitute 'good cause.'" *Harbor Laundry Sales, Inc. v. Mayflower Textile Servs. Co.*, Civ. No. 09-6259, 2011 WL 6303258, at *3 (D.N.J. Dec. 16, 2011) (citing *GlobespanVirata, Inc. v. Texas Instruments, Inc.*, Civ. No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005)). In the absence of diligence, there can be no good cause, and the court need not reach the issue of prejudice.

---

[6] It appears that Plaintiff did not depose Officer Velasquez or any other City personnel until September 29, 2020, more than three years after this litigation commenced. Def. Br., July 27, 2021, D.E. 129, ¶ 11; Letter, Sept. 21, 2020, D.E. 92.

Moreover, allowing Plaintiff to amend at this late date in this litigation would certainly require significant additional discovery. Plaintiff reasons that only a minimal amount of additional discovery, if any, would be necessary. Pl. Br., DE. 126, at 11. But Officer Velasquez would be a new party to this case, and would likely seek both written discovery and deposition testimony, resulting in further delays of a case that is already more than five years old. Moreover, Officer Velasquez would be unable to re-depose Mr. Wiley as he passed away in 2018. Therefore, the Court cannot agree with Plaintiff that allowing the amendment would neither unduly delay this case nor cause prejudice to Defendant City of Newark and Officer Velasquez.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has not demonstrated good cause for the proposed amendments under Federal Rule Civil Procedure 16(b)(4), and will deny Plaintiff's motion for leave to file a Fourth Amended Complaint. An Order accompanies this Opinion.

*s/ Michael A. Hammer*  
**Hon. Michael A. Hammer**  
**United States Magistrate Judge**

Dated: September 21, 2021