UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF MALCOLM WILEY, | |
| Plaintiff, | Civil Action No. 16-2530 (KM) (MAH) |
| v. | |
| CITY OF NEWARK, et al., | OPINION |
| Defendants. | |

## I.  INTRODUCTION

This matter comes before the Court by way of Plaintiff's fifth motion to amend. Pl.'s Fifth Mot. to Amend, May 13, 2022, D.E. 139. Plaintiff seeks leave to file a Fourth Amended Complaint including one or more "claims of liability for the decedent's untimely demise from opioid overdose." Pl.'s Br. in Supp., D.E. 139-1, at p. 2. Defendant City of Newark ("Defendant") has filed a brief in opposition. Def.'s Br. in Opp'n, May 31, 2022, D.E. 141. The Court has reviewed the parties' submissions and, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, has considered the motion without oral argument. For the reasons set forth below, Plaintiff's motion is **denied**.

## II.  BACKGROUND

Malcolm Wiley initiated this civil rights action by filing a Complaint against Defendants Newark Police Department, City of Newark, Essex County, Essex County Sheriff Office, and Newark Police Department Officers John Does 1-50 ("the Officer Defendants") on May 4, 2016. Compl., May 4, 2016, D.E. 1. Mr. Wiley alleged that on May 6, 2014, the Officer Defendants struck him with a marked police vehicle while attempting to stop him for investigatory purposes. Third Am. Compl., Oct. 21, 2019, D.E. 80, at ¶ 16. The Officer Defendants then, according to

Mr. Wiley, falsely arrested and transported him to a nearby precinct, ignoring his serious physical injuries. *Id.* at ¶¶ 17-18, 21-22.

The Undersigned entered a Pretrial Scheduling Order on February 3, 2017. Pretrial Scheduling Order, Feb. 3, 2017, D.E. 15. The Pretrial Scheduling Order set a May 12, 2017 deadline for motions to amend the pleadings in this matter. *Id.* at ¶ 12. The Order also provided that "[f]or any new motion to amend, Plaintiff must demonstrate good cause under Fed. R. Civ. P. 16 as to why the amendment could not have been proposed earlier in Plaintiff's January 5, 2016 submission [D.E. 12]." *Id.* The Complaint, notwithstanding the deadline and accompanying admonition, has been amended multiple times over the course of this litigation based on Plaintiff's demonstration of good cause. *See* First Am. Compl, May 1, 2017, D.E. 21; Second Am. Compl., July 18, 2019, D.E. 67; Third Am. Compl., D.E. 80.

After Mr. Wiley's passing in 2018, his counsel sought leave to file a Second Amended Complaint substituting Ms. Kourtney Awadalla – the mother of Mr. Wiley's surviving daughter and administratrix of his estate – as Plaintiff. Mot. to Amend, Feb. 15, 2019, D.E. 54, at ¶¶ 1-3. The Court granted that request on May 21, 2019, and Ordered that the operative Complaint read "The Estate of Malcolm Wiley." Order, May 22, 2019, D.E. 63, at p. 1. Plaintiff filed the Second Amended Complaint on July 18, 2019. Second Am. Compl., D.E. 67. Defendant thereafter moved to dismiss the Second Amended Complaint, arguing, among other things, that the filed Second Amended Complaint did not conform with the proposed pleading attached to Plaintiff's February 15, 2019 motion to amend. Mot. to Dismiss, Sept. 11, 2019, D.E. 72-1, at pp. 3-4, 7. Plaintiff agreed that the Second Amended Complaint exceeded the scope of the Court's May 21, 2019 Order and, after obtaining Defendant's consent, filed the Third Amended Complaint on October 21, 2019. Pl.'s Mem. in Opp'n, D.E. 77, Oct. 10, 2019, at pp. 1-2; Def.'s

2

Letter, Oct. 18, 2019, D.E. 79; Third Am. Compl., D.E. 80.  The Third Amended Complaint identifies "Kourtney Awadalla, as the Administratrix of [the] Estate of Malcolm Wiley, Deceased" as Plaintiff.  Third Am. Compl., D.E. 80, at p. 1.

Plaintiff next sought leave to amend the operative Complaint on April 26, 2021.  Pl.'s Mot. to File Expert Witness Report, Apr. 26, 2021, D.E. 107.  Plaintiff's April 26, 2021 motion also requested permission to serve the report of her expert, Dr. Vinay Chopra, MD nearly five months after the November 30, 2020 deadline to do so.  *See id.*; *see also* Order, July 15, 2020, D.E. 91 (setting November 30, 2020 deadline to serve affirmative expert reports).  Plaintiff's counsel explained that he had retained Dr. Chopra in March 2021 to review Mr. Wiley's medical records.  Certification of Thomas R. Ashley, Esq., D.E. 107, at p. 8 ¶ 19.  Dr. Chopra issued a report on April 19, 2021, stating, in relevant part, that Mr. Wiley sustained serious injuries and underwent surgery because of the underlying May 2014 altercation.  *See* Exhibit 1 to Thomas R. Ashley, Esq. Certification, D.E. 107-1, at pp. 1-5 ("Chopra Expert Report").  Dr. Chopra's report also stated that Mr. Wiley "reported high pain levels . . . due to his injury."  *Id.* at p. 2.  Mr. Wiley was consequently "periodically prescribed and given [opioids] . . . for pain management" by various specialists.  *Id.*  The next day, the Court terminated Plaintiff's April 26, 2021 motion without prejudice.  Order, Apr. 27, 2021, D.E. 108.  The parties were "directed to meet and confer on ALL potential expert reports that any party proposes to serve beyond the deadline to do so."  *Id.*  The Court did not, however, address Plaintiff's request to serve a Fourth Amended Complaint at that time.  *See id.*

The parties subsequently filed a dispute letter concerning Plaintiff's request to serve Dr. Chopra's expert report.  Jt. Status Report, May 3, 2021, D.E. 109.  The Court heard argument during a May 21, 2021 telephone status conference, and thereafter entered an Order directing

3

Plaintiff to serve Dr. Chopra's report on or before May 21, 2021.  Order on Discovery Dispute & Am. Scheduling Order, May 21, 2021, D.E. 116, at ¶ 1.  The Court also ordered Plaintiff to "file any formal motion to amend the pleadings on or before May 28, 2021." *Id.* at ¶ 5.  Six days later, on May 27, 2021, Plaintiff moved to file a Fourth Amended Complaint adding "as a named defendant Newark Police Officer Villmory Velasquez," the alleged driver of the vehicle that struck Plaintiff.  Mot. for Leave to File Fourth Am. Compl., Certification of Thomas R. Ashley, Esq., May 27, 2021, D.E. 117, at p. 4 ¶ 4.  The Court denied the motion without prejudice because of Plaintiff's failure to attach a copy of the proposed amended pleading.  Order, June 14, 2021, D.E. 123, at p. 1.  Plaintiff filed a renewed motion to amend on July 12, 2021, which the Court ultimately denied on September 21, 2021.  Pl.'s Fourth Mot. to Amend, July 12, 2021, D.E. 126; Order, Sept. 21, 2021, D.E. 131.

Nearly seven months later, on April 18, 2022, Plaintiff moved for additional time – up to and including June 19, 2022 – "to retain an expert and file a report with respect to [Mr. Wiley's] death from opioids."  Pl.'s Second Mot. to File Expert Report, Apr. 18, 2022, D.E. 136, at p. 1; Certification of Michael T. Ashley, Esq., D.E. 136-1, at p. 3 ¶ 12.  Plaintiff's counsel certified that

> The proposed medical expert will investigate the nexus between the injuries sustained from [Mr. Wiley's] encounter with the Newark Police Department, medical treatment afforded [Mr. Wiley] while alive, and the extent such medications may have caused Mr. Wiley to become addicted to and abuse opioids so that upon Mr. Wiley being discharged from the hospital he commenced and continued obtaining opioids, which ultimately resulted in his death from overdose; this theory is particularly ripe considering that Mr. Wiley's file does not disclose his addiction to or abuse of opioids prior to his hospitalization.

*Id.* at ¶ 13.  Counsel also certified they only "became aware of the opioids given to Mr. Wiley by the physicians" because of Dr. Chopra's April 19, 2021 report; "Mr. Wiley's medical records

4

[were] voluminous" and counsel's earlier inquiries "focused on the extent of [Mr. Wiley's] leg injury." *Id.* at ¶¶ 7-9. The Court terminated Plaintiff's April 18, 2022 motion two days later. Order, Apr. 20, 2022, D.E. 138. The Undersigned explained that "Plaintiff's application appear[ed] to seek to add a new theory of recovery," and it was "unclear to the Court whether Plaintiff's request [was] more properly the subject of a motion to amend the Complaint." *Id.* Plaintiff was ordered to file "any renewed application . . . accompanied by a brief" by May 13, 2022. *Id.*

Plaintiff timely filed the instant motion. Pl.'s Fifth Mot. to Amend, D.E. 139. As already noted, Plaintiff seeks leave to file a Fourth Amended Complaint "including claims of liability for [Mr. Wiley's] untimely demise from opioid overdose" in this now six-year-old matter. Pl.'s Br. in Supp., D.E. 139-1, at p. 2. Defendant opposes the motion on substantive and procedural grounds. Def.'s Br. in Opp'n, D.E. 141.

### III. DISCUSSION

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: 'The court should freely give leave when justice so requires.'" *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (quoting Fed. R. Civ. P. 15(a)(2)). Federal Rule of Civil Procedure 16(b)(3)(A), on the other hand, requires courts to issue a scheduling order that "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." A motion to amend filed after the Court's Rule 16(b)(3)(A) deadline is subject to a heightened level of scrutiny. *Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 220 (D.N.J. 2014). The movant must first satisfy the requirements of Rule 16(b)(4), meaning they must "demonstrate 'good cause' to amend the Rule 16 Scheduling Order" and obtain the Court's consent "to extend the deadline to amend pleadings." *Id.* (quoting *Velto v.*

*Reliance Standard Life Ins. Co.*, Civ. No. 10-1829, 2011 WL 810550, at *4 (D.N.J. Mar. 1, 2011)); Fed. R. Civ. P. 16(b)(4). "Only after having found the requisite showing of good cause will the [C]ourt consider whether the proposed amended pleading meets the [Rule] 15(a) standard." *Home Semiconductor Corp. v. Samsung Elecs. Co.*, Civ. No. 13-2033, 2019 WL 2135858, at *2 (D. Del. May 16, 2019); *accord Korrow*, 300 F.R.D. at 220; *Nasa Mach. Tools Inc. v. FAMA Tech. Inc.*, Civ. No. 18-2872, 2019 WL 7207503, at *2 (D.N.J. Dec. 27, 2019).

"A determination of 'good cause' under Rule 16 depends on the diligence of the moving party." *Korrow*, 300 F.R.D. at 220 (citing *GlobespanVirata, Inc. v. Texas Instruments Inc.*, Civ. No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005)). Good cause requires a showing that, despite the movant's attentiveness, "the deadlines set forth in the scheduling order could not reasonably be met." *Id.*; *see also Harrison Beverage Co. v. Dribeck Imps.*, 133 F.R.D. 463, 469 (D.N.J. 1990). "[G]ood cause may be satisfied if the movant shows that their delay in filing the motion to amend stemmed from 'any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" *Fermin v. Toyota Material Handling, U.S.A., Inc.*, Civ. No. 10-3755, 2012 WL 1393074, at *3 (D.N.J. Apr. 23, 2012) (alteration in original) (quoting *Phillips v. Greben*, Civ. No. 04-5590, 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006)). "[C]ourts typically examine whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the amended motion before the deadline had expired." *Id.*

In this case, the deadline for motions to amend the pleadings was May 12, 2017, more than five years ago. Pretrial Scheduling Order, D.E. 15, at ¶ 12. The initial question before the Court is therefore whether good cause exists to extend this end date and permit Plaintiff to file

6

the instant motion under Rule 16.  Plaintiff contends good cause exists because "the omission of a claim for liability for Mr. Wiley's death is not due to a lack of diligence."  Pl.'s Br. in Supp., D.E. 139-1, at p. 3.  Plaintiff argues her counsel did not have an opportunity to evaluate the viability of and include claims related to Mr. Wiley's death in the Third Amended Complaint because the operative pleading "was filed in 2017 [and] Mr. Wiley passed away in 2018."  *Id.*  Moreover, it was not apparent that Mr. Wiley's death was proximately caused by the May 2014 incident until a telephone meeting with Ms. Awadalla in March 2022.  *Id.*

Defendant disputes Plaintiff's ability to establish good cause under Federal Rule of Civil Procedure 15, but does not address Rule 16.  *See* Def.'s Br. in Opp'n, D.E. 141, at pp. 8-11.  Defendant also correctly points out that Plaintiff has neglected to attach a draft of the proposed Fourth Amended Complaint to her motion papers.  *Id.* at p. 12.

Local Civil Rule 7.1(f)(1) requires that a copy of a proposed pleading be attached to a motion to amend.  Plaintiff's failure to comply with this procedural requirement alone is a basis for denial.  *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).  However, the Court also rejects Plaintiff's substantive arguments concerning good cause under Rule 16.  The Third Amended Complaint was filed on October 21, 2019, well after Mr. Wiley's death.  Third Am. Compl., D.E. 80.  The Court recognizes that events occurring and "information obtained after a deadline to amend can constitute good cause," but "that good cause does not extend indefinitely."  *Fermin*, 2012 WL 1393074, at *6.  Plaintiff's explanation of the delay between Mr. Wiley's passing in 2018 and the May 13, 2022 filing of the instant motion do not satisfy the Court.  The record suggests Plaintiff possessed Mr. Wiley's medical records at the outset of this litigation.  The initial Complaint filed in 2016 in particular alleges that "Plaintiff's medical reports reveal [his] serious physical injuries."  Compl., D.E. 1, at ¶ 16.  Moreover, fact

7

discovery in this matter concluded on October 31, 2020. Order, July 15, 2020, D.E. 91. The Court must presume, having no indication to the contrary, that Plaintiff was in possession of Mr. Wiley's complete medical records – and, accordingly, the facts underlying the proposed claims – more than one and a half years ago. Even if that were not so, it remains that Dr. Chopra's April 19, 2021 expert report should have put Plaintiff on notice of this new legal theory. *See* Chopra Expert Report, D.E. 107-1. As noted above, Dr. Chopra's report makes multiple references to the fact that Mr. Wiley was prescribed opioids to treat high levels of pain resulting from the May 2014 altercation. *Id.* at pp. 2, 4.

Based on the foregoing, the Court finds Plaintiff had sufficient facts to pursue an investigation into the alleged link between the 2014 incident and Mr. Wiley's untimely death well before counsel's call with Ms. Awadalla in 2022. Plaintiff has, in the Court's view, demonstrated "only a delayed analysis, not diligence." *Fermin*, 2012 WL 1393074, at *6; *see, e.g.*, *Alfone v. Town of Boonton*, Civ. No. 15-6656, 2017 WL 4366981, at *4 (D.N.J. Sept. 29, 2017) (holding movant did not show due diligence where "a simple review" would have revealed information necessary to file motion to amend before deadline's expiration). The Court therefore holds Plaintiff has not established good cause under Rule 16 to modify the Pretrial Scheduling Order, and the instant motion to amend will be **DENIED**.

The Court need not address the parties' Rule 15 arguments, given Plaintiff's failure to demonstrate good cause to modify the May 12, 2017 deadline. *See E. Mins. & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000); *Watson v. Sunrise Senior Living Servs., Inc.*, Civ. No. 10-230, 2015 WL 1268190, at *10 (D.N.J. Mar. 18, 2015). The Court nevertheless notes that even if Plaintiff had satisfied Rule 16, Plaintiff's motion to amend would be denied under Rule 15. Federal Rule of Civil Procedure 15(a)(2) provides that, "a party may amend its pleading only

8

with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Court has the discretion, however, to deny a motion to amend upon a showing of, among other things, undue delay or undue prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017). If the factors under Rule 15(a)(2) suggest that permitting amendment would be "'unjust[,]'" the Court should deny leave. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (citing *Foman*, 371 U.S. at 182).

Defendant argues Plaintiff unduly delayed in bringing the instant motion, and leave to amend, if granted, would subject Defendant to undue prejudice. "When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend [under Rule 15] is properly denied." *Nasa Mach. Tools*, 2019 WL 7207503, at *4 (citing *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984)). "[T]he question of undue delay requires that [the Court] focus on the movant's reasons for not amending sooner." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Adams*, 739 F.2d at 868). "Moreover, substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend." *Id.* "[P]rejudice to the non-moving party is the touchstone for the denial of [an] amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (citation omitted). In assessing prejudice, courts consider whether allowing the assertion of a new claim "would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273.

The Court holds, for reasons discussed above, that Plaintiff has unduly delayed in bringing the instant motion. With regard to undue prejudice, it is clear Plaintiff seeks to add multiple claims in this now six-year-old matter. S*ee* Pl.'s Br. in Supp., D.E. 139-1, at p. 1. Plaintiff has also previously expressed a desire to retain an additional medical expert to

9

substantiate these would-be claims. *See* Certification of Michael T. Ashley, Esq., D.E. 136-1, at p. 3 ¶ 13 (seeking leave to retain and serve expert report evaluating causal nexus). However, fact discovery has been closed for nearly two years, and the parties are nearing completion of expert discovery. Order, D.E. 91 (setting October 31, 2020 fact discovery end-date); *see also* Def.'s Letter, Apr. 19, 2022, D.E. 137, at p. 2 (stating after resolution of instant motion, "next step is likely to be expert depositions and then dispositive motions"). The Court can only conclude that allowing Plaintiff to introduce new theories of liability at this late stage would severely set this litigation back and cause substantial prejudice to Defendant. Defendant avers that allowing the amendment would require it "to retain, at great expense, an expert to counter whatever new expert report the plaintiff might put forth." Def.'s Br. in Opp'n, D.E. 141, at p. 10. In addition to expert depositions, the parties would likely require more records and supplemental fact witness testimony to substantiate or disprove Plaintiff's allegations that Mr. Wiley only became addicted to opioids after the May 2014 altercation. These already aged proceedings would be further delayed, and Defendant would undoubtedly incur considerable costs. Therefore, passing Plaintiff's failure to establish good cause under Rule 16, the Court would deny the instant motion under Rule 15 because of Plaintiff's undue delay and the substantial prejudice to Defendant.

### IV.     CONCLUSION

In sum, the Court concludes that Plaintiff has not demonstrated good cause to justify granting the instant motion. For that reason, and for Plaintiff's failure to comply with Local Civil Rule 7.1, Plaintiff's fifth motion for leave to file an amended complaint, D.E. 139, is **DENIED.** An appropriate Order accompanies this Opinion.

>                    */s Michael A. Hammer*
>                    Hon. Michael A. Hammer,
>                    United States Magistrate Judge

**Dated**: **July 29, 2022**