UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KOURTNEY AWADALLA, AS THE ADMINISTRATRIX OF THE ESTATE OF MALCOLM WILEY, DECEASED, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF NEWARK, <br><br> Defendant. | Civ. No. 16-02530 (KM) (MAH) <br><br> OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

      Kourtney Awadalla brings this action as administratrix of the estate of Malcolm Wiley, deceased, alleging violations of Wiley's rights pursuant to 42 U.S.C. § 1983 and various common law torts. The only Defendant is the City of Newark (the "City").[1] Now before the Court is the City's motion for summary judgment. (DE 151.) For the reasons expressed below, the City's motion for summary judgment is **GRANTED in part and DENIED in part**.

---

[1]     The Third Amended Complaint (DE 80), which is the currently operative pleading, also names "City of Newark New Jersey Police Officers John Does No. 1 to 10." While Plaintiff sought to amend the complaint to join one individual officer, Magistrate Judge Hammer found that Plaintiff had not established sufficient good cause therefor. (DE 130.) Thus, the City remains the sole Defendant.

## I. BACKGROUND[2]

### A. Factual Allegations

Because the arguments presented by the parties are primarily legal in nature, I need only set forth a basic rendition of the facts.[3]

On May 6, 2014, Wiley was struck by a vehicle operated by Newark Police Officers. (Def. St. ¶ 2; Pl. Resp. ¶ 2.) The City claims that Wiley "failed to yield for an investigatory stop" (Def. St. ¶ 2), and Plaintiff claims that "the encounter was not preceded by any activity which would constitute the requisite reasonable suspicion for an investigatory stop, nor was he aware that his interceptors were members of law enforcement" (Pl. Resp. ¶ 2). Plaintiff was then arrested. (Def. St. ¶ 4.) Plaintiff claims that the officers' actions constitute torts (assault, battery, intentional infliction of emotional distress, and negligence) and violations of his civil rights (excessive force and unlawful seizure). As to the City, which is the only Defendant in the case, Plaintiff

---

[2] Certain citations to the record are abbreviated as follows:

"DE" = Docket entry number in this case

"TAC" = Third Amended Complaint (DE 80)

"Mot." = Defendant's brief in support of the motion for summary judgment (DE 151-9)

"Opp." = Plaintiff's brief in opposition to the motion for summary judgment (DE 155 at 9–15)

"Reply" = Defendant's reply brief in further support of the motion for summary judgment (DE 157)

"Def. St." = Defendant's statement of undisputed material facts (DE 151-10)

"Pl. Resp." = Plaintiff's response to Defendant's statement of undisputed material facts (DE 155 at 1–4)

"Pl. St." = Plaintiff's supplemental statement of undisputed material facts (DE 155 at 5–8)

"Def. Resp." = Defendant's response to Plaintiff's supplemental statement of undisputed material facts (DE 157-1)

[3] Indeed, neither party cites even once to the various statements of facts.

asserts liability for the actions of the officers under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and also claims negligent supervision, retention, and training under New Jersey law.

### B. Procedural History

Malcolm Wiley initially filed this action on May 4, 2016. (DE 1.) Wiley passed away in 2018, and Kourtney Awadalla, as executrix of the Estate of Malcolm Wiley, was substituted as plaintiff. (DE 63.) The Third Amended Complaint, which is the currently operative pleading, was filed on October 21, 2019. (DE 80.) After the completion of discovery, the City filed the present motion for summary judgment. (DE 151.) Plaintiff opposed the motion (DE 155) and the City replied (DE 157).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Peters v. Del. River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)).

The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

586 (1986). The opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine issues of material fact exist). "A fact is material if—taken as true—it would affect the outcome of the case under governing law. And a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *M.S. by & through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020) (citation and internal quotation marks omitted).

### III. DISCUSSION

#### A. The *Monell* Claim and Failure to Name Individual Defendants

Count Two asserts a *Monell* claim that the City is liable for the federal constitutional violations alleged against the officers. To state a claim pursuant to § 1983, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citation omitted). A municipality cannot be held liable on a Section 1983 claim under a theory of *respondeat superior*. *Monell*, 436 U.S. at 691. "'[A] municipality can be found liable under § 1983 only when the municipality itself causes the constitutional violation at issue.'" *Fernandez v. Borough of Roseland*, No. 20-00103, 2021 WL 3930718 at *4 (D.N.J. Sept. 2. 2021) (quoting *Vargas v. City of Phila.*, 783 F.3d 962, 974 (3d Cir. 2015)). Specifically, the plaintiff must identify a "municipal 'policy' or 'custom' that was the 'moving force' behind the injury." *Jewell v. Ridley Twp.*, 497 F. App'x 182, 185 (3d Cir. 2012) (quoting *Monell*, 436 U.S. at 694). Ultimately, to establish a *Monell* claim a "plaintiff 'must identify the challenged policy, attribute it to the city itself, and show a causal link between execution of the policy and the injury suffered.'" *Grande v. Keansburg Borough*, No. 12-1968, 2013 WL 2933794, at *11 (D.N.J. June 13, 2013) (quoting *Losch v. Borough of Parkesburg, Pa.*, 36 F.2d 903, 910 (3d Cir. 1984)). "Liability is imposed 'when

the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the 'moving force' behind the constitutional tort of one of its employees.'" *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1027 (3d Cir. 1991)).

The City argues that the *Monell* claim[4] fails because Plaintiff has failed to name any individual defendants, and thus there is no underlying constitutional violation. (Mot. at 4–6.) None of the cases cited by the City support that position. The City first cites *DeNinno v. Municipality of Penn Hills*, 269 F. App'x 153, 158 (3d Cir. 2008). In that case, the Third Circuit found on the merits that "none of the individual defendants violated the Constitution." *Id.* And in the absence of a constitutional violation, the Circuit noted "there can be no municipal liability." *Id.* The Circuit reached the same conclusion in the City's other cited case. *See Bornstad v. Honey Brook Twp.*, 211 F. App'x 118, 126 (3d Cir. 2007) ("[A]s we have found that no violation of Bornstad's rights occurred here, we find no basis for municipal liability."). Both cases found no municipal liability because there was no constitutional violation whatsoever. Neither stands for the proposition that the individuals who directly committed the constitutional harm must be named as defendants and be found personally liable in order for *Monell* liability to attach. In fact, the Third Circuit in *Bornstad* stated that "[a] finding of municipal liability *does not depend* automatically or necessarily on the liability of any police officer. . . . However, for there to be municipal liability, there still must be a violation of the plaintiff's constitutional rights." *Id.* (citations and internal quotation marks omitted); *see*

---

[4] The Third Amended Complaint's First Cause of Action alleges excessive force under Section 1983. The Second Cause of Action alleges municipal liability under *Monell* for "a policy, practice, custom and usage of illegally detaining persons and using excessive force against persons arrested for minor offenses" and a "policy and/or custom of the defendant Newark to inadequately train, supervise and discipline its police officers." (TAC ¶ 48, 52.) The Third Cause of Action alleges unlawful seizure under Section 1983. It appears that only the Second Cause of Action is pled against the City.

*also Fagan v. City of Vineland*, 22 F.3d 1283, 1292–93 (3d Cir. 1994) ("[T]he City's liability does not depend upon the liability of any police officer."); *Mervilus v. Union Cnty.*, 73 F.4th 185, 197 (3d Cir. 2023) ("[Plaintiff] may ultimately prevail on his failure to train and supervise theory against Union County even if [the individual officer defendant] avoids liability."). The holdings of the City's cases, then, boil down to the unremarkable position that a *Monell* claim requires a harm to the plaintiff's rights. *Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) ("It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim."). I will not extend them to require that the individual actors who directly committed civil rights violations be identified, joined as defendants, and found individually liable.

The City's argument is therefore rejected and summary judgment is denied as to Count Two, the *Monell* claim.[5]

### B. Negligent Supervision, Retention, or Training

Count Seven alleges a state-law claim of negligent supervision, retention, and training by the City. Such a claim under New Jersey law has two essential elements: "that (1) an employer knew or had reason to know that the failure to supervise or train an employee in a certain way would create a risk of harm and (2) that risk of harm materializes and causes the plaintiff's damages." *G.A.-H v. K.G.G.*, 210 A.3d 907, 916 (N.J. 2019) (citing *Di Cosala v. Kay*, 450 A.2d 508, 516 (N.J. 1982)). Echoing its arguments on the *Monell* claim, the City asserts that "Plaintiff cannot win on such a claim, unless there is an underlying tort that occurred because of the alleged negligent supervision." (Mot. at 10.) That is true as far as it goes, but as in the case of the *Monell* claim, the City presses the point too far: According to the City, the "assault and battery and intentional infliction of emotional distress torts cannot constitute [the underlying tort] because they are [not] viable [due to] the lack of any

---

[5] The City does not factually argue that it is entitled to summary judgment because Wiley's rights were not violated, or for any other reason. Thus, I go no farther.

defendants capable of intent" and "[t]he remaining [tort] claims cannot provide the basis for an actionable negligent supervision claim against the City because those other claims are not torts and not viable." (Mot. at 10.) But again, the City has not presented any authority that, to establish municipal liability, the plaintiff must join the primary tortfeasor as a defendant.

Summary judgment is therefore denied as to Count Seven, the state-law negligent supervision, retention, and training claim.[6]

### C. Other Common Law Claims

Counts Four (assault and battery), Five (intentional infliction of emotional distress), and Six (negligence) allege that individual officers committed those torts. The City points out that those claims were pled only against the individual officers, not the City. (Mot. at 7–9.) Plaintiff does not attempt to defend these claims in its opposition. Because they were not pled against the sole Defendant and Plaintiff presents no authority that the City can be liable for those claims, summary judgment is awarded to the City and Counts Four, Five, and Six are dismissed.

### D. Punitive Damages

Finally, the City argues that Plaintiff's "claim for punitive damages must be dismissed" because a municipality cannot be liable for punitive damages. (Mot. at 11.) Plaintiff did not respond to this argument. Precedent is clear that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Thus, Plaintiff may not pursue punitive damages against the City based on the *Monell* claim. Similarly, under New Jersey law, "[n]o punitive or exemplary damages shall be awarded against a public entity." N.J.S.A. § 59:9-2c. Thus, Plaintiff may not pursue punitive damages against the City based on the state law claim of negligent supervision, retention, and training. *See Witt v. City of Vineland*, No. 20-14678, 2021 WL 3465597, at *9 (D.N.J. Aug. 6, 2021).

---

[6]   Again, the City does not factually argue that it is entitled to summary judgment because no underlying wrong occurred, or for any other reason. Thus, I go no farther.

7

Summary judgment is therefore awarded to the City, and the prayer for punitive damages is deemed stricken.

## IV. CONCLUSION

For the reasons set forth above, the City's motion for summary judgment is **GRANTED in part and DENIED in part**. The City's motion is denied as to the *Monell* claim and negligent supervision, retention, and training claim. The motion is **GRANTED** as to Plaintiff's claims for assault and battery, intentional infliction of emotional distress, and negligence, and as to the demand for punitive damages.

An appropriate order follows.

Dated: October 12, 2023

/s/ Kevin McNulty
_____
**Hon. Kevin McNulty
United States District Judge**